APPENDIX C

**OPINION OF UBS SECURITIES LLC**

June 29, 2005

The Board of Directors
MBNA Corporation
1100 North King Street
Wilmington, Delaware 19884

Dear Members of the Board:

 We understand that MBNA Corporation ("MBNA") proposes to enter into an Agreement and Plan of Merger between Bank of America Corporation ("Bank of America") and MBNA (such agreement, the "Agreement") pursuant to which, among other things, (i) MBNA will merge with and into Bank of America (the "Merger") and (ii) each outstanding share of the common stock, par value $0.01 per share, of MBNA ("MBNA Common Stock") will be converted into the right to receive (x) 0.5009 of a share of the common stock, par value $0.01 per share, of Bank of America ("Bank of America Common Stock" and, such fraction of a share of Bank of America Common Stock so issuable, the "Stock Consideration") and (y) $4.125 in cash, without interest (such cash amount, the "Cash Consideration" and, together with the Stock Consideration, the "Merger Consideration"). The terms and conditions of the Merger are more fully set forth in the Agreement.

 You have requested our opinion as to the fairness, from a financial point of view, of the Merger Consideration to the holders of MBNA Common Stock.

 UBS Securities LLC ("UBS") has acted as financial advisor to MBNA in connection with the Merger and will receive a fee for its services, a portion of which is payable in connection with this opinion and a significant portion of which is contingent upon the consummation of the Merger. UBS and its affiliates in the past have provided services to MBNA and Bank of America unrelated to the proposed Merger, for which services UBS and its affiliates have received compensation, including having participated in certain bank financings for MBNA and various equity and debt financings for Bank of America. As you are aware, an affiliate of UBS is currently a lender under an existing credit facility of MBNA, for which services such affiliate has received and will receive compensation. In the ordinary course of business, UBS, its successors and affiliates may hold or trade, for their own accounts and accounts of customers, securities of MBNA and Bank of America and, accordingly, may at any time hold a long or short position in such securities.

 Our opinion does not address the relative merits of the Merger as compared to other business strategies or transactions that might be available with respect to MBNA or the underlying business decision of MBNA to effect the Merger. Our opinion does not constitute a recommendation to any stockholder as to how such stockholder should vote or act with respect to any matters relating to the Merger. Our opinion as expressed herein relates solely to the fairness, from a financial point of view, of the Merger Consideration and does not address any other terms or aspects of the Merger. We express no opinion as to what the value of Bank of America Common Stock will be when issued pursuant to the Merger or the

C-1

The Board of Directors
MBNA Corporation
June 29, 2005
Page 2

prices at which Bank of America Common Stock or MBNA Common Stock will trade at any time. In rendering this opinion, we have assumed, with your consent, that the Merger will qualify for federal income tax purposes as a reorganization within the meaning of Section 368(a) of the Internal Revenue Code of 1986, as amended. We also have assumed, with your consent, that each of MBNA and Bank of America will comply with all material terms of the Agreement and that the Merger will be consummated in accordance with its terms without waiver, modification or amendment of any material term, condition or agreement. We further have assumed, with your consent, that all governmental, regulatory or other consents and approvals necessary for the consummation of the Merger will be obtained without any material adverse effect on MBNA, Bank of America or the contemplated benefits of the Merger. In addition, we have assumed, with your consent, that the final executed form of the Agreement will not differ in any material respect from the draft that we have reviewed.

In arriving at our opinion, we have, among other things: (i) reviewed certain publicly available business and historical financial information relating to MBNA and Bank of America, including publicly available financial forecasts and estimates relating to Bank of America that were reviewed and discussed with us by the management of Bank of America; (ii) reviewed certain internal financial information and other data relating to the businesses and financial prospects of MBNA and Bank of America that were provided to us by the respective managements of MBNA and Bank of America and not publicly available, including financial forecasts and estimates relating to MBNA prepared by the management of MBNA and certain financial estimates relating to Bank of America prepared by the management of Bank of America; (iii) conducted discussions with members of the senior managements of MBNA and Bank of America concerning the businesses and financial prospects of MBNA and Bank of America; (iv) reviewed current and historical market prices of MBNA Common Stock and Bank of America Common Stock; (v) reviewed publicly available financial and stock market data with respect to certain companies in lines of business we believe to be generally comparable to those of MBNA and Bank of America; (vi) compared the financial terms of the Merger with publicly available financial terms of certain other transactions we believe to be generally relevant; (vii) reviewed certain estimates prepared by the managements of MBNA and Bank of America as to the potential cost savings, revenue enhancements and other synergies anticipated to result from the Merger; (viii) reviewed the potential pro forma financial effect of the Merger, including potential cost savings, revenue enhancements and other synergies, on the estimated earnings per share of Bank of America based on financial forecasts and estimates prepared by the management of MBNA and publicly available financial forecasts and estimates relating to Bank of America that were reviewed and discussed with us by the management of Bank of America; (ix) reviewed a draft dated June 29, 2005 of the Agreement; and (x) conducted such other financial studies, analyses and investigations, and considered such other information, as we deemed necessary or appropriate.

In connection with our review, with your consent, we have not assumed any responsibility for independent verification of any of the information provided to or reviewed by us for the purpose of this opinion and have, with your consent, relied on such information being complete and accurate in all material respects. In addition, at your direction, we have not made any independent evaluation or appraisal of any of the assets or liabilities (contingent or otherwise) of MBNA or Bank of America, nor have we been furnished with any such evaluation or appraisal. With respect to the publicly available financial forecasts and estimates relating to Bank of America referred to above, we were advised by the management of Bank of America and we have assumed, with your consent, that such

C–2

The Board of Directors
MBNA Corporation
June 29, 2005
Page 3

forecasts and estimates represent reasonable estimates and judgments as to the future financial performance of Bank of America. With respect to internal financial forecasts and estimates, pro forma effects and calculation of cost savings, revenue enhancements and other synergies referred to above, we have assumed, at your direction, that they have been reasonably prepared on a basis reflecting the best currently available estimates and judgments of the managements of MBNA and Bank of America, as the case may be, as to the future financial performance of MBNA and the other matters covered thereby. In addition, we have assumed that the future financial results and potential cost savings, revenue enhancements and other synergies reflected in such forecasts and estimates referred to above will be achieved at the times and in the amounts projected. Our opinion is necessarily based on economic, monetary, market and other conditions as in effect on, and the information available to us as of, the date of this opinion.

   Based upon and subject to the foregoing, it is our opinion that, as of the date hereof, the Merger Consideration is fair, from a financial point of view, to the holders of MBNA Common Stock.

Very truly yours,

/s/ UBS Securities LLC

UBS SECURITIES LLC

# PART II

## INFORMATION NOT REQUIRED IN PROSPECTUS

**Item 20.** *Indemnification of Directors and Officers.*

Section 145(a) of the General Corporation Law of the State of Delaware ("Delaware Corporation Law") provides, in general, that a corporation shall have the power to indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the corporation), because the person is or was a director, officer, employee or agent of the corporation or is or was serving at the request of the corporation as a director, officer, employee or agent of any other enterprise. Such indemnity may be against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by the person in connection with such action, suit or proceeding, if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation and if, with respect to any criminal action or proceeding, the person did not have reasonable cause to believe the person's conduct was unlawful.

Section 145(b) of the Delaware Corporation Law provides, in general, that a corporation shall have the power to indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the corporation to procure a judgment in its favor because the person is or was a director, officer, employee or agent of the corporation or is or was serving at the request of the corporation as a director, officer, employee or agent of any other enterprise, against any expenses (including attorneys' fees) actually and reasonably incurred by the person in connection with the defense or settlement of such action or suit if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation, except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the corporation unless and only to the extent that the Court of Chancery or the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the Court of Chancery or such other court shall deem proper.

Section 145(g) of the Delaware Corporation Law provides, in general, that a corporation shall have the power to purchase and maintain insurance on behalf of any person who is or was a director or officer of the corporation against any liability asserted against the person in any such capacity, or arising out of the person's status as such, regardless of whether the corporation would have the power to indemnify the person against such liability under the provisions of the law.

Article VIII of the Registrant's bylaws provides for indemnification to the fullest extent authorized by Delaware law for any person who is or was a director or officer of the Registrant who is or was involved or threatened to be made so involved in any proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such person is or was serving as a director, officer, manager or employee of the Registrant or was serving at the request of the Registrant as a director, officer, manager or employee of any other enterprise. Such indemnification is provided only if the director, officer, manager or employee acted in good faith and in a manner that the director, officer, manager or employee reasonably believed to be in, or not opposed to, the best interests of the Registrant, and with respect to any criminal proceeding, had no reasonable cause to believe that the conduct was unlawful.

The foregoing is only a general summary of certain aspects of Delaware law and the Registrant's bylaws dealing with indemnification of directors and officers, and does not purport to be complete. It is qualified in its entirety by reference to the detailed provisions of Section 145 of the Delaware Corporation Law and Article VIII of the bylaws of the Registrant.

Pursuant to the Registrant's bylaws, the Registrant also maintains a directors' and officers' insurance policy which insures the directors and officers of the Registrant against liability asserted against such

persons in such capacity whether or not such directors or officers have the right to indemnification pursuant to the bylaws or otherwise.

**Item 21.**  *Exhibits and Financial Statement Schedules.*

(a) Exhibits. The following is a list of Exhibits to this Registration Statement:

| Exhibit No. | Description |
|---|---|
| 2(a) | Agreement and Plan of Merger, dated as of June 30, 2005, by and between MBNA Corporation and Bank of America Corporation (included in Part I as Appendix A to the document included in this Registration Statement) |
| 3(a) | Amended and Restated Certificate of Incorporation of Registrant, as in effect on the date hereof, incorporated by reference to Exhibit 99.1 of Registrant's Current Report on Form 8–K filed May 7, 1999 |
| 3(b) | Certificate of Amendment of Amended and Restated Certificate of Incorporation of Registrant, incorporated by reference to Exhibit 3.1 of Registrant's Current Report on Form 8–K filed March 30, 2004 |
| 3(c) | Amended and Restated Bylaws of Registrant, as in effect on the date hereof, incorporated by reference to Exhibit 99.1 of Registrant's Current Report on Form 8–K filed October 14, 2003 |
| 4(c) | Specimen Certificate of Registrant's common stock* |
| 5(a) | Opinion of Timothy J. Mayopoulos, Executive Vice President and General Counsel of Bank of America, as to the validity of the shares of Bank of America common stock |
| 8(a) | Opinion of Cleary Gottlieb Steen & Hamilton LLP as to tax matters |
| 8(b) | Opinion of Wachtell, Lipton, Rosen & Katz as to tax matters |
| 23(a) | Consent of Timothy J. Mayopoulos, Executive Vice President and General Counsel of Bank of America (included in Exhibit 5(a) to this Registration Statement) |
| 23(b) | Consent of PricewaterhouseCoopers LLP |
| 23(c) | Consent of Ernst & Young LLP |
| 23(d) | Consent of Cleary Gottlieb Steen & Hamilton LLP (included in Exhibit 8(a) to this Registration Statement) |
| 23(e) | Consent of Wachtell, Lipton, Rosen & Katz (included in Exhibit 8(b) to this Registration Statement) |
| 24(a) | Power of Attorney* |
| 24(b) | Power of Attorney of Alvaro G. de Molina |
| 99(a) | Stock Option Agreement, dated as of June 30, 2005, by and between MBNA Corporation (as issuer) and Bank of America Corporation (as grantee) (included as Appendix B to the document included in this Registration Statement) |
| 99(b) | Notice of Special Meeting of Stockholders of MBNA Corporation (included in the document included in this Registration Statement) |
| 99(c) | Form of Proxy Card for Special Meeting of Stockholders of MBNA Corporation* |
| 99(d) | Consent of UBS Securities LLC* |

\* Previously filed.

**Item 22.**  *Undertakings.*

The undersigned Registrant hereby undertakes:

(1) To file, during any period in which offers or sales are being made, a post–effective amendment to this registration statement: (i) to include any prospectus required by Section 10(a)(3) of the Securities Act of 1933, as amended (the "Securities Act"); (ii) to reflect in the prospectus any

II–2

facts or events arising after the effective date of the registration statement (or the most recent post-effective amendment thereof) which, individually or in the aggregate, represent a fundamental change in the information set forth in the registration statement (notwithstanding the foregoing, any increase or decrease in volume of securities offered (if the total dollar value of securities offered would not exceed that which was registered) and any deviation from the low or high end of the estimated maximum offering range may be reflected in the form of prospectus filed with the Commission pursuant to Rule 424(b) if, in the aggregate, the changes in volume and price represent no more than a 20% change in the maximum aggregate offering price set forth in the "Calculation of Registration Fee" table in the effective registration statement); and (iii) to include any material information with respect to the plan of distribution not previously disclosed in the registration statement or any material change to such information in the registration statement.

(2) That, for the purpose of determining any liability under the Securities Act, each such post-effective amendment shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial *bona fide* offering thereof.

(3) To remove from registration by means of a post-effective amendment any of the securities being registered which remain unsold at the termination of the offering.

(4) That, for purposes of determining any liability under the Securities Act, each filing of the Registrant's annual report pursuant to Section 13(a) or 15(d) of the Securities Exchange Act of 1934, as amended (and, where applicable, each filing of an employee benefit plan's annual report pursuant to Section 15(d) of the Securities Exchange Act of 1934, as amended) that is incorporated by reference in this registration statement shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial *bona fide* offering thereof.

(5) That prior to any public reoffering of the securities registered hereunder through use of a prospectus which is a part of this registration statement, by any person or party who is deemed to be an underwriter within the meaning of Rule 145(c), the Registrant undertakes that such reoffering prospectus will contain the information called for by the applicable registration form with respect to reofferings by persons who may be deemed underwriters, in addition to the information called for by the other items of the applicable form.

(6) That every prospectus (i) that is filed pursuant to paragraph (5) above, or (ii) that purports to meet the requirements of Section 10(a)(3) of the Securities Act and is used in connection with an offering of securities subject to Rule 415, will be filed as a part of an amendment to this registration statement and will not be used until such amendment has become effective, and that for the purpose of determining liabilities under the Securities Act, each such post-effective amendment shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial *bona fide* offering thereof.

(7) To respond to requests for information that is incorporated by reference into the prospectus pursuant to Items 4, 10(b), 11 or 13 of this form, within one business day of receipt of such request, and to send the incorporated documents by first class mail or other equally prompt means. This includes information contained in documents filed subsequent to the effective date of the registration statement through the date of responding to the request.

(8) To supply by means of a post-effective amendment all information concerning a transaction, and the company being acquired involved therein, that was not the subject of and included in this registration statement when it became effective.

(9) Insofar as indemnification for liabilities arising under the Securities Act of 1933 may be permitted to directors, officers and controlling persons of the registrant pursuant to the foregoing provisions, or otherwise, the registrant has been advised that in the opinion of the Securities and Exchange Commission such indemnification is against public policy as expressed in the Securities Act

II-3

of 1933 and is, therefore, unenforceable. In the event that a claim for indemnification against such liabilities (other than the payment by the registrant of expenses incurred or paid by a director, officer or controlling person of the registrant in the successful defense of any action, suit or proceeding) is asserted by such director, officer, or controlling person in connection with the securities being registered, the registrant will, unless in the opinion of its counsel the matter has been settled by controlling precedent, submit to a court of appropriate jurisdiction the question whether such indemnification by it is against public policy as expressed in the Securities Act of 1933 and will be governed by the final adjudication of such issue.

[Remainder of Page Intentionally Left Blank]

II-4

Case 1:05-cv-00327-GMS    Document 41-8    Filed 01/20/2006    Page 8 of 19

Table of Contents

## SIGNATURES

Pursuant to the requirements of the Securities Act of 1933, as amended, the Registrant has duly caused this Amendment No. 1 to Form S-4 Registration Statement to be signed on its behalf by the undersigned, thereunto duly authorized, in the city of Charlotte, state of North Carolina, on September 19, 2005.

BANK OF AMERICA CORPORATION

By: *
Kenneth D. Lewis
President and Chief Executive Officer

Pursuant to the requirements of the Securities Act of 1933, as amended, this Amendment No. 1 to Form S-4 Registration Statement has been signed by the following persons in the capacities and on the dates indicated.

| Signature | Title | Date |
|---|---|---|
| * Kenneth D. Lewis | Chairman, President, Chief Executive Officer and Director (Principal Executive Officer) | |
| * Alvaro G. de Molina | Chief Financial Officer (Principal Financial Officer) | |
| * Neil A. Cotty | Senior Vice President and Chief Accounting Officer (Principal Accounting Officer) | |
| * William Barnet, III | Director | |
| * Charles W. Coker | Director | |
| * John T. Collins | Director | |
| * Gary L. Countryman | Director | |
| * Paul Fulton | Director | |
| * Charles K. Gifford | Director | |
| * W. Steven Jones | Director | |

II-5

| Signature | Title | Date |
|---|---|---|
| *<br>Walter E. Massey | Director | |
| *<br>Thomas J. May | Director | |
| *<br>Patricia E. Mitchell | Director | |
| *<br>Edward L. Romero | Director | |
| *<br>Thomas M. Ryan | Director | |
| *<br>O. Temple Sloan, Jr. | Director | |
| *<br>Meredith R. Spangler | Director | |
| *<br>Robert L. Tillman | Director | |
| *<br>Jackie M. Ward | Director | |
| *By:   /s/ Teresa M. Brenner<br>        Teresa M. Brenner<br>        *Attorney-in-Fact* | | September 19, 2005 |

# EXHIBIT INDEX

| Exhibit No. | Description |
|---|---|
| 2(a) | Agreement and Plan of Merger, dated as of June 30, 2005, by and between MBNA Corporation and Bank of America Corporation (included in Part I as Appendix A to the document included in this Registration Statement) |
| 3(a) | Amended and Restated Certificate of Incorporation of Registrant, as in effect on the date hereof, incorporated by reference to Exhibit 99.1 of Registrant's Current Report on Form 8−K filed May 7, 1999 |
| 3(b) | Certificate of Amendment of Amended and Restated Certificate of Incorporation of Registrant, incorporated by reference to Exhibit 3.1 of Registrant's Current Report on Form 8−K filed March 30, 2004 |
| 3(c) | Amended and Restated Bylaws of Registrant, as in effect on the date hereof, incorporated by reference to Exhibit 99.1 of Registrant's Current Report on Form 8−K filed October 14, 2003 |
| 4(c) | Specimen Certificate of Registrant's common stock* |
| 5(a) | Opinion of Timothy J. Mayopoulos, Executive Vice President and General Counsel of Bank of America, as to the validity of the shares of Bank of America common stock |
| 8(a) | Opinion of Cleary Gottlieb Steen & Hamilton LLP as to tax matters |
| 8(b) | Opinion of Wachtell, Lipton, Rosen & Katz as to tax matters |
| 23(a) | Consent of Timothy J. Mayopoulos, Executive Vice President and General Counsel of Bank of America (included in Exhibit 5(a) to this Registration Statement) |
| 23(b) | Consent of PricewaterhouseCoopers LLP |
| 23(c) | Consent of Ernst & Young LLP |
| 23(d) | Consent of Cleary Gottlieb Steen & Hamilton LLP (included in Exhibit 8(a) to this Registration Statement) |
| 23(e) | Consent of Wachtell, Lipton, Rosen & Katz (included in Exhibit 8(b) to this Registration Statement) |
| 24(a) | Power of Attorney* |
| 24(b) | Power of Attorney of Alvaro G. de Molina |
| 99(a) | Stock Option Agreement, dated as of June 30, 2005, by and between MBNA Corporation (as issuer) and Bank of America Corporation (as grantee) (included as Appendix B to the document included in this Registration Statement) |
| 99(b) | Notice of Special Meeting of Stockholders of MBNA Corporation (included in the document included in this Registration Statement) |
| 99(c) | Form of Proxy Card for Special Meeting of Stockholders of MBNA Corporation* |
| 99(d) | Consent of UBS Securities LLC* |

* Previously filed.

Exhibit 5(a)

[Bank of America Letterhead]

September 19, 2005

Bank of America Corporation
Bank of America Corporate Center
100 North Tryon Street
Charlotte, North Carolina 28255

Re:  Registration Statement on Form S-4

Ladies and Gentlemen:

I and other members of my staff have acted as counsel to Bank of America Corporation, a Delaware corporation (the "Company"), in connection with the registration statement on Form S-4, as amended (the "Registration Statement"), filed with the Securities and Exchange Commission (the "Commission") pursuant to the Securities Act of 1933, as amended (the "Act"), for the registration of shares of the Company's common stock, par value $0.01 per share (the "Securities"), that may be issued in connection with the merger of MBNA Corporation, a Maryland corporation ("MBNA"), with and into the Company (the "Merger"), as described in the Registration Statement.

In rendering this opinion, I have examined such corporate records and other documents, and I have reviewed such matters of law, as I have deemed necessary or appropriate. Based on the foregoing, I am of the opinion that all necessary corporate action on the part of the Company has been taken to authorize the issuance of the Securities in connection with the Merger, and when the Registration Statement has been declared effective by order of the Commission and the Securities have been issued in accordance with the terms and conditions set forth in the Agreement and Plan of Merger, dated as of June 30, 2005, between the Company and MBNA, the Securities will be validly issued, fully paid and nonassessable.

The foregoing opinion is limited to the federal law of the United States of America and the General Corporation Law of the State of Delaware.

---

Bank of America Corporation, p. 2

This opinion letter is not to be relied on by or furnished to any other person or used, circulated, quoted or otherwise referred to for any other purpose, except as set forth below. I hereby consent to the filing of this opinion letter as an exhibit to the Registration Statement and to the reference to myself and this opinion under the heading "Legal Matters" in the Registration Statement and the related prospectus included in the Registration Statement. In giving such consent, I do not thereby admit that I am an "expert" within the meaning of the Act or the rules and regulations of the Commission issued thereunder with respect to any part of the Registration Statement, including this exhibit. I assume no obligation to advise you or any other person, or to make any investigations, as to any legal developments or factual matters arising subsequent to the date hereof that might affect the opinions expressed herein.

Very truly yours,

By  /s/ Timothy J. Mayopoulos
    Timothy J. Mayopoulos
    Executive Vice President and General Counsel
    Bank of America Corporation

Exhibit 8(a)

CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS
LONDON · MOSCOW · FRANKFURT · COLOGNE
ROME · MILAN · HONG KONG · TOKYO

Writer's Direct Dial: (212) 225-2250
E-Mail: lsamuels@cgsh.com

September 19, 2005

Bank of America Corporation
Bank of America Corporate Center
100 N. Tryon Street
Charlotte, North Carolina 28255

Ladies and Gentlemen:

We have acted as special counsel to Bank of America Corporation, a Delaware corporation ("Bank of America"), in connection with the proposed merger (the "Merger") of MBNA Corporation, a Maryland corporation ("MBNA") with and into Bank of America, pursuant to the Agreement and Plan of Merger (the "Agreement"), dated as of June 30, 2005, by and between Bank of America and MBNA. At your request, and in connection with the Registration Statement on Form S-4 filed with the Securities and Exchange Commission in connection with the Merger (as amended through the date hereof, the "Registration Statement"), we are rendering our opinion concerning the material federal income tax consequences of the Merger. Any capitalized term used and not defined herein has the meaning given to it in the Agreement.

For purposes of the opinion set forth below, we have relied, with the consent of Bank of America and the consent of MBNA, upon the accuracy and completeness of the factual statements and representations (which statements and representations we have neither investigated nor verified) contained, respectively, in the certificates of the officers of Bank of America and MBNA dated the date hereof, and have assumed that such factual statements and representations will be accurate and complete as of the Effective Time (as if made as of such time) and that all such factual statements and representations made to the knowledge of any person or entity or with similar qualification are and will be true and correct as if made without such qualification. We have also relied upon the accuracy of the Registration Statement and the joint proxy statement/prospectus (the "Proxy Statement/Prospectus") contained therein, each as amended or supplemented through the date hereof.

Bank of America, p.2

We have also assumed that (i) the transactions contemplated by the Agreement will be consummated in accordance therewith and as described in the Proxy Statement/Prospectus (and no transaction or condition described therein and affecting this opinion will be waived by any party) and (ii) the Merger will be reported by Bank of America and MBNA on their respective federal income tax returns in a manner consistent with the opinion set forth below.

Based upon and subject to the foregoing, it is our opinion, under currently applicable U.S. federal income tax law, that the Merger will constitute a reorganization within the meaning of Section 368(a) of the Code.

We express no opinion on any issue relating to the tax consequences of the Merger other than those set forth above. Our opinion is based upon the Code, published judicial decisions, administrative regulations and published rulings and procedures as in existence on the date hereof. Future legislative, judicial or administrative changes, on either a prospective or retroactive basis, could affect our

opinion. Further, our opinion is not binding upon the Internal Revenue Service or the courts, and there is no assurance that the Internal Revenue Service or a court will not take a contrary position. We undertake no responsibility to advise you of any future change in the matters stated herein or in the federal income tax laws or the application or interpretation thereof.

Furthermore, this opinion only addresses the tax treatment of those MBNA stockholders that hold their MBNA stock as a capital asset within the meaning of Section 1221 of the Code, and does not address all the U.S. federal income tax consequences that may be relevant to particular MBNA stockholders in light of their individual circumstances or to MBNA stockholders that are subject to special rules, such as financial institutions, insurance companies, tax-exempt organizations, dealers in securities or currencies, traders in securities that elect to use a mark-to-market method of accounting, persons that hold MBNA stock as part of a straddle, hedge, constructive sale or conversion transaction, persons who are not citizens or residents of the United States, and stockholders who acquired their shares of MBNA stock through the exercise of an employee stock option or otherwise as compensation.

We hereby consent to the filing of this opinion with the Securities and Exchange Commission as an exhibit to the Registration Statement, and to the references therein to us. In giving this consent, we do not hereby admit that we are in the category of persons whose consent is required under Section 7 of the Securities Act of 1933, as amended, or the rules and regulations of the Securities and Exchange Commission thereunder.

Bank of America, p.3

We are furnishing this opinion to you solely in connection with the filing of the Registration Statement, and this opinion is not to be relied upon by any other person or for any other purpose without our consent.

Very truly yours,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____/s/ Leslie B. Samuels_____
Leslie B. Samuels, a Partner

Exhibit 8(b)

## WACHTELL, LIPTON, ROSEN & KATZ

51 WEST 52ND STREET

NEW YORK, N.Y. 10019-6150

TELEPHONE: (212) 403-1000
FACSIMILE: (212) 403-2000

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)

OF COUNSEL

[Firm attorney roster — names illegible in scan]

September 19, 2005

MBNA Corporation
1100 North King Street
Wilmington, Delaware 19884

Ladies and Gentlemen:

   We have acted as special counsel to MBNA Corporation, a Maryland corporation ("MBNA"), in connection with the proposed merger (the "Merger") of MBNA with and into Bank of America Corporation, a Delaware corporation ("Bank of America"), pursuant to the Agreement and Plan of Merger (the "Agreement"), dated as of June 30, 2005, by and between MBNA and Bank of America. At your request, and in connection with the Registration Statement on Form S-4 filed with the Securities and Exchange Commission in connection with the Merger (as amended through the date hereof, the "Registration Statement"), we are rendering our opinion concerning the material federal income tax consequences of the Merger. Any capitalized term used and not defined herein has the meaning given to it in the Agreement.

   For purposes of the opinion set forth below, we have relied, with the consent of MBNA and the consent of Bank of America, upon the accuracy and completeness of the factual statements and representations (which statements and representations we have neither investigated nor verified) contained, respectively, in the certificates of the officers of MBNA and Bank of America dated the date hereof, and have assumed that such factual statements and representations will be accurate and complete as of the Effective Time (as if made as of such time) and that all such factual statements and representations made to the knowledge of any person or entity or with similar qualification are and will be true and correct as if made without such qualification. We have also relied upon the accuracy of the Registration Statement and the

---

WACHTELL, LIPTON, ROSEN & KATZ
MBNA Corporation
Page 2

joint proxy statement/prospectus (the "Proxy Statement/Prospectus") contained therein, each as amended or supplemented through the date hereof.

   We have also assumed that (i) the transactions contemplated by the Agreement will be consummated in accordance therewith and as described in the Proxy Statement/Prospectus (and no transaction or condition described therein and affecting this opinion will be waived by any party) and (ii) the Merger will be reported by MBNA and Bank of America on their respective federal income tax returns in a manner consistent with the opinion set forth below.

Based upon and subject to the foregoing, it is our opinion, under currently applicable United States federal income tax law, that (i) the Merger will be qualify as a "reorganization" within the meaning of Section 368(a) of the Code and (ii) except to the extent of any cash consideration received in the Merger and except with respect to cash received in lieu of fractional share interests in Bank of America Common Stock, no gain or loss will be recognized by MBNA stockholders who receive shares of Bank of America Common Stock in exchange for shares of MBNA Common Stock.

We express no opinion on any issue relating to the tax consequences of the Merger other than those set forth above. Our opinion is based upon the Code, published judicial decisions, administrative regulations and published rulings and procedures as in existence on the date hereof. Future legislative, judicial or administrative changes, on either a prospective or retroactive basis, could affect our opinion. Further, our opinion is not binding upon the Internal Revenue Service or the courts, and there is no assurance that the Internal Revenue Service or a court will not take a contrary position. We undertake no responsibility to advise you of any future change in the matters stated herein or in the federal income tax laws or the application or interpretation thereof.

We hereby consent to the filing of this opinion with the Securities and Exchange Commission as an exhibit to the Registration Statement, and to the references therein to us. In giving such consent, we do not thereby admit that we are in the category of persons whose consent is required under Section 7 of the Securities Act of 1933, as amended. We are furnishing this opinion solely in connection with the filing of the Registration Statement and this opinion is not to be relied upon for any other purpose.

Very truly yours,

/s/ Wachtell, Lipton, Rosen & Katz

**Exhibit 23(b)**

<u>CONSENT OF INDEPENDENT REGISTERED PUBLIC ACCOUNTING FIRM</u>

We hereby consent to the incorporation by reference in this Registration Statement on Form S-4/A of Bank of America Corporation of our report dated February 25, 2005, except as to the effects of reclassifications of 2004, 2003, and 2002 balances for reportable segments as reflected in Notes 9 and 19 for which the date is July 11, 2005, relating to the financial statements, management's assessment of the effectiveness of internal control over financial reporting and the effectiveness of internal control over financial reporting, which appears in Bank of America Corporation's Current Report on Form 8-K dated July 12, 2005. We also consent to the reference to us under the heading "Experts" in such Registration Statement.

/s/ PricewaterhouseCoopers LLP

Charlotte, North Carolina
September 19, 2005

**Exhibit 23(c)**

**Consent of Independent Registered Public Accounting Firm**

We consent to the reference to our firm under the caption "Experts" in the Prospectus/Proxy Statement of MBNA Corporation, that is made a part of the Registration Statement (Form S-4) and related prospectus of Bank of America Corporation for the registration of 730,964,555 shares of its common stock, and to the incorporation by reference therein of our reports dated February 17, 2005, with respect to the consolidated financial statements of MBNA Corporation, MBNA Corporation management's assessment of the effectiveness of internal control over financial reporting, and the effectiveness of internal control over financial reporting of MBNA Corporation, incorporated by reference in MBNA Corporation's Annual Report (Form 10-K) for the year ended December 31, 2004.

/s/ Ernst & Young LLP

McLean, Virginia
September 15, 2005

**Exhibit 24(b)**

## POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS, that the undersigned officer of Bank of America Corporation hereby makes, constitutes and appoints Timothy J. Mayopoulos, William J. Mostyn III and Teresa M. Brenner, and each of them acting individually, his true and lawful attorneys with power to act without any other and with full power of substitution, to execute, deliver and file in his name and on his behalf, and in the undersigned officer's capacity as shown below, (a) a Registration Statement of Bank of America Corporation on Form S-4 (or other appropriate form) with respect to the registration under the Securities Act of 1933, as amended, of a number of shares of common stock of Bank of America Corporation to be issued in exchange for the outstanding shares of common stock, on a fully-diluted basis, of MBNA Corporation upon consummation of the proposed merger of MBNA Corporation with and into Bank of America Corporation, and any and all documents in support thereof or supplemental thereto and any and all amendments, including any and all post-effective amendments, to the foregoing (hereinafter called the "*Registration Statement*"), and (b) such registration statements, petitions, applications, consents to service of process or other instruments, any and all documents in support thereof or supplemental thereto, and any and all amendments or supplements to the foregoing, as may be necessary or advisable to qualify or register the securities covered by said Registration Statement under such securities laws, regulations or requirements as may be applicable; and said officer hereby grants to said attorneys, and to each of them, full power and authority to do and perform each and every act and thing whatsoever as said attorneys or attorney may deem necessary or advisable to carry out fully the intent of this power of attorney to the same extent and with the same effect as said officer might or could do personally in his capacity as aforesaid, and said officer hereby ratifies and confirms all acts and things which said attorneys or attorney might do or cause to be done by virtue of this power of attorney and his signature as the same may be signed by said attorneys or attorney, or any of them, to any or all of the following (and/or any and all amendments and supplements to any or all thereof): such Registration Statement under the Securities Act of 1933, as amended, and all such registration statements, petitions, applications, consents to service of process and other instruments, and any and all documents in support thereof or supplemental thereto, under such securities laws, regulations and requirements as may be applicable.

IN WITNESS WHEREOF, the undersigned officer in the capacity noted has hereunto set his hand as of the date indicated below.

/s/ Alvaro G. deMolina
Alvaro G. de Molina
Chief Financial Officer
(Principal Financial Officer)

Dated: September 8, 2005

Created by 10KWizard Technology    www.10KWizard.com