IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
IN RE MBNA CORPORATION            :
DERIVATIVE AND CLASS              :    Lead Case No. 1:05-cv-00327-
LITIGATION                        :    GMS

This Document Relates To:         :
ALL ACTIONS.                      :    CLASS AND DERIVATIVE
                                  :    ACTION
---------------------------------------------------------x

**RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF**

The MBNA Outside Director Defendants (the "Outside Directors") respectfully submit this response to Plaintiffs' Motion for Leave to File a Sur-Reply Brief (D.I. No. 55). The Outside Directors do not oppose Plaintiffs' motion for leave to file a sur-reply brief in order to address the subject matter jurisdiction defense raised in the Reply Brief In Support Of The MBNA Outside Director Defendants' Motion To Dismiss (D.I. No. 53).

The Outside Directors, however, disagree with Plaintiffs' assertion that the Outside Directors violated Local Rule 7.1.3(c)(2) by raising the subject matter jurisdiction defense for the first time in their Reply Brief. It is well-settled that a party may raise a subject-matter jurisdiction defense anytime during the proceedings. *See, e.g., Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[A] party does not waive [subject-matter] by failing to challenge jurisdiction early in the proceedings."). As the Outside Directors explained in their Reply Brief (pg. 4 n.2), it was only after reviewing Plaintiffs' 69-page Answering Brief in opposition to the Outside Directors' motion to dismiss (D.I. No. 47) that it became apparent that Plaintiffs had no interest in their federal contribution claim (aside from its ability to get them into federal court), and that their true focus was only on state law claims relating to the BAC Merger. Indeed, Plaintiffs devote only three sentences of their

1

Answering Brief to their federal contribution claim -- one line of text and a footnote on page 16, and one line of text on page 63. Most tellingly, Plaintiffs' federal claim is not even addressed in the eleven points described in their Answering Brief as their "summary of argument." Finally, even if the Outside Directors had not raised the subject matter jurisdiction defense, the Court has the power to dismiss an action for lack of subject matter jurisdiction on its own. *See, e.g., Woodhouse v. Department of Serv. for Children, Youth & Family*, C.A. No. 04-218-KAJ, 2004 WL 1588284, at *1 (D. Del. July 12, 2004) ("The Court has the obligation to sua sponte address the question of subject matter jurisdiction.") (Ex. A); *Compagnie*, 456 U.S. at 702 ("[A] court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion.").

Respectfully submitted,

/s/ Edward P. Welch

Edward P. Welch (I.D. # 671)
Edward B. Micheletti (I.D. # 3794)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
Attorneys for the MBNA
Outside Director Defendants

Of Counsel:
Jay B. Kasner
Susan L. Saltzstein
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

DATED: April 27, 2006

2

453573.02-Wilmington Server 1A - MSW