# Exhibit A

Westlaw.

Not Reported in F.Supp.2d                                                                 Page 1

Not Reported in F.Supp.2d, 2004 WL 1588284 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Fannie C. WOODHOUSE, Plaintiff,
v.
THE DEPARTMENT OF SERVICE FOR
CHILDREN, YOUTH AND THEIR FAMILY,
Defendant.
**No. Civ.A.04-218-KAJ.**

July 12, 2004.

Fannie C. Woodhouse, Wilmington, DE, pro se.

MEMORANDUM ORDER

JORDAN, J.
*1 Plaintiff, Fannie C. Woodhouse ("Woodhouse"), a *pro se* litigant, has filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

I. STANDARD OF REVIEW

When reviewing pauper applications, the Court must make two separate determinations. First, the Court must determine whether Woodhouse is eligible for pauper status pursuant to 28 U.S.C. § 1915. Based on the information provided in Woodhouse's *in forma pauperis* affidavit, her request to proceed *in forma pauperis* is granted. Second, the Court must "screen" the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

The United States Supreme Court has held that 28 U.S.C. § 1915(e)(2)(B)'s term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," such that a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

> FN1. *Neitzke* applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act ("PLRA"). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. *See* § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

When reviewing complaints pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6). *Neal v. Pennsylvania Bd. of Prob. & Parole,* CA No. 96-7923, 1997 WL 338838 (E.D.Pa. June 19, 1997) (applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Under this standard, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' ' *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

> FN2. The bases for dismissal under § 1915A are virtually identical to § 1915(e)(2)(B). Section 1915A(a) requires

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                 Page 2
Not Reported in F.Supp.2d, 2004 WL 1588284 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

the Court to screen prisoner complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. Therefore, the Court applies the § 1915A standard of review when screening non-prisoner complaints pursuant to § 1915(e)(2)(B).

However, in this case, before reaching the merits of Woodhouse's claims, the Court must determine whether it has jurisdiction over the complaint. The Court has the obligation to *sua sponte* address the question of subject matter jurisdiction. *See Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.,* 905 F.2d 42, 45 (3d Cir.1990); *Stypulkowski v. Stypulkowski,* No. 00-CV-3151, 2000 WL 1456739 (E.D.Pa. Sept.29, 2000); Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). A federal district court has original jurisdiction in cases based either on diversity of citizenship involving suits of $75,000.00 in controversy between citizens of different states, or on a claim involving the Constitution, laws, or treaties of the United States. *See* 28 U.S .C. § 1332; 28 U.S.C. § 1331. For the reasons discussed below, the Court shall dismiss the complaint for lack of subject matter jurisdiction.

II. DISCUSSION

*2 Woodhouse does not raise any specific factual allegations in her complaint. Rather, she merely lists the names and birth dates of two children as follows: Bernadette S. Cooper, born on October 30, 1992, and Lakeema Cooper, born on November 8, 1998. (D.I 2 at 2) Woodhouse has also attached two Exhibits to her complaint. The first Exhibit is a Pardon dated February 26, 2004 given to Fannie Cooper Woodhouse, a/k/a Faney Cooper, a/k/a Fanny Woodhouse. (*Id.* at 4-5) The second Exhibit is a letter dated January 30, 2004 from the Department of Services for Children, Youth and Their Families ("DSCYF") to Ms. Fanny Cooper-Woodhouse, indicating that the DSCYF case regarding Woodhouse's great grandson, Tylee, has been closed. (*Id.* at 6) Consequently, it is unclear whether the children listed on the complaint are Woodhouse's children or her grandchildren. Nonetheless, Woodhouse requests that the Court order that Bernadette S. Cooper and Lakeema Cooper be returned to her. (*Id.* at 3)

It appears that the Defendant initiated an action in the Family Court and that the children have been, or are eligible to be adopted by third parties. (*Id.*) The United States Supreme Court has held that federal courts should not interfere with pending state criminal proceedings. *See Younger v. Harris,* 401 U.S. 37 (1971). The Court has extended the *Younger* abstention doctrine to non-criminal state civil proceedings and state administrative proceedings. *See Huffman v. Pursue Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Furthermore, the *Younger* abstention doctrine applies to proceedings until all appellate remedies have been exhausted. *See Reinhardt v. Com. of Mass. Dep't of Social Sers.,* 715 F.Supp. 1253, 1255 (S.D.N.Y.1989).

The abstention doctrine rests on a strong federal policy of noninterference into pending state judicial proceedings. The doctrine is applicable when all of the following factors are present: 1) there is an ongoing state judicial proceeding; 2) the proceeding implicates important state interests; and, 3) the state proceeding affords an adequate opportunity to raise federal claims. *See Acierno v. New Castle County,* 40 F.3d 645, 655 n. 13 (3d Cir.1994). Here, it appears there may be an ongoing state judicial proceeding. (D.I.2) As to the second prong of the *Younger* test, the implication of an important state interest, the termination of parental rights is a matter best left to the state courts as "there can be no serious dispute over the fact that the welfare and custody of children is among the most important and vital of state interests ." *Delahunty v. State of Hawaii,* 677 F.Supp. 1052, 1060 (D. HI 1987). Third, the state proceedings provide Woodhouse an

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                     Page 3
Not Reported in F.Supp.2d, 2004 WL 1588284 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

adequate opportunity to present her federal claims.

Even if the matter has been resolved in the Family Court, this Court is not the appropriate forum for Woodhouse's complaint. Federal district courts may not review decisions made by State tribunals. *See Stypulkowski,* 2000 WL 1456739 at *1. This concept of jurisprudence has become known as the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker-Feldman* doctrine precludes federal district courts from exercising subject matter jurisdiction over "constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with such a state adjudication". *Gulla v. North Strabane Township,* 146 F.3d 168, 171 (3d Cir.1998).

*3 The *Rooker-Feldman* doctrine first requires a district court to determine whether a plaintiff's constitutional claims have already been adjudicated in state court. In this case, it is unclear whether Woodhouse's claims were adjudicated in the Family Court. However, even if Woodhouse did not adjudicate her claims in the Family Court, this Court does not have jurisdiction to hear this matter because the claims are "inextricably intertwined with the state adjudication." A constitutional claim is "inextricably intertwined" with the particular state court decision if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Behr v. Snider,* 900 F.Supp. 719, 724 (E.D.Pa.1995) (quoting *Centifanti v. Nix,* 865 F.2d 1422, 1430 (3d Cir.1989)). Woodhouse's claim appears to be "inextricably intertwined" with the Family Court action. Granting Woodhouse's requested relief would "effectively reverse [the] state court's decision or void its ruling." *Greist v. Norristown State Hospital,* No. 96-CV8495, 1997 U.S. Dist. WL 661097, at *2 (E.D.Pa. Oct. 22, 1997) (citing *FOCUS v. Allegheny County Ct. of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996)). Consequently, the Court declines to exercise jurisdiction over this matter.

NOW THEREFORE, at Wilmington this *12th* day of *July,* 2004, IT IS HEREBY ORDERED that:

1. Woodhouse's motion for leave to proceed *in forma pauperis* is GRANTED.

2. Woodhouse's complaint is DISMISSED for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3).

D.Del.,2004.
Woodhouse v. Department of Service For Children, Youth and Their Family
Not Reported in F.Supp.2d, 2004 WL 1588284 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:04CV00218 (Docket) (Apr. 09, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.