IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
IN RE MBNA CORPORATION           :
DERIVATIVE AND CLASS             :   Lead Case No. 1:05-cv-00327-
LITIGATION                       :   GMS
                                 
This Document Relates To:        :
ALL ACTIONS.                     :   CLASS AND DERIVATIVE
                                 :   ACTION
---------------------------------------------------------x

OUTSIDE DIRECTORS' REPLY BRIEF IN RESPONSE TO PLAINTIFFS' SUR-REPLY
MEMORANDUM RELATING TO THE ISSUE OF SUBJECT MATTER JURISDICTION

                                                                                       Edward P. Welch (I.D. # 671)
                                                                                       Edward B. Micheletti (I.D. # 3794)
                                                                                       SKADDEN, ARPS, SLATE,
                                                                                           MEAGHER & FLOM LLP
                                                                                       One Rodney Square
                                                                                       P.O. Box 636
                                                                                       Wilmington, Delaware 19899-0636
                                                                                      (302) 651-3000
                                                                                       Attorneys for the MBNA
                                                                                      Outside Director Defendants

Of Counsel:
Jay B. Kasner
Susan L. Saltzstein
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

DATED: January 16, 2007

## **TABLE OF CONTENTS**

**PAGE NO.**

TABLE OF CASES AND AUTHORITIES ................................................................................i

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT.................................................................................................................................2

CONCLUSION..............................................................................................................................5

# TABLE OF CASES AND AUTHORITIES

**Cases**             **Page(s)**

*Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire,*
    173 F.3d 909 (3d Cir. 1999)...................................................................................................5

*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,*
    545 U.S. 308 (2005) .................................................................................................................4

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,*
    456 U.S. 694 (1982) .................................................................................................................3

*Johnson v. Manhattan Ry.,*
    289 U.S. 479 (1933) .................................................................................................................5

*Litig. Trust of MDIP, Inc. v. Rapport,*
    C.A. No. 03-779-GMS, 2005 WL 1242157 (D. Del. May 5, 2005) ....................................1, 3

*Orman v. Charles Schwab & Co.,*
    285 Ill. App. 3d 937 (Ill. Ct. App. 1996) .................................................................................4

*PAAC v. Rizzo,*
    502 F.2d 306 (3d Cir. 1974) .....................................................................................................3

*S. Freedman & Co. v. Raab,*
    C.A. No. 05-1138, 2006 WL 1275922 (3d Cir. May 10, 2006) ...........................................4, 5

*Stroud v. Grace,*
    606 A.2d 75 (Del. 1992) ...........................................................................................................4

*In re Telecommunications, Inc.,*
    C.A. No. 16470-NC, 2003 WL 21543427 (Del. Ch. July 7, 2003) .....................................4, 5

**Authorities**

28 U.S.C. § 1401 ..............................................................................................................................5

## PRELIMINARY STATEMENT

That Plaintiffs avoid mention of the history of this dispute in their Sur-Reply Memorandum is telling. The original complaints filed by Plaintiffs challenged only certain disclosures and statements made by MBNA Corporation ("MBNA") insiders relating to MBNA's first quarter 2005 results. (*See, e.g.*, Ex. A) Then the litigation landscape dramatically changed. On June 30, 2005, the merger between MBNA and Bank of America Corporation ("BAC") was announced (the "BAC Merger"), and Plaintiffs made a tactical decision to file a consolidated amended complaint containing ten out of eleven counts that focus exclusively on state law, breach of fiduciary duty claims allegedly arising from the BAC Merger. By doing so, Plaintiffs overwhelmingly abandoned the federal contribution claim that formed the basis of their original complaints, as well as some of the previously stated grounds for jurisdiction. This change of course was confirmed in their 69-page answering brief to Defendants' motions to dismiss, in which the federal contribution claim accounted for only three lines of text -- making it "abundantly clear that the state law claims substantially predominate over the federal law claim."[1]

Plaintiffs are stuck with these tactical decisions, and it is clear from their Sur-Reply Memorandum that they wished they had handled their case differently. In fact, Plaintiffs are so concerned that the Court will find the current complaint insufficient to invoke the Court's subject matter jurisdiction that they have anticipated its dismissal, moved for leave to amend, and attached a draft amended complaint as an exhibit to their Sur-Reply Memorandum. This is possibly the best evidence of the current complaint's weaknesses, as well as the strongest argument for dismissing it for lack of jurisdiction. For these reasons, and as discussed further below, this Court does not have subject matter jurisdiction over Plaintiffs' state law claims.

---

[1] *Litig. Trust of MDIP, Inc. v. Rapoport*, C.A. No. 03-779-GMS, 2005 WL 1242157, at *5 (D. Del. May 25, 2005) (Sleet, J.) (refusing to let the "tail…wag the dog" by exercising supplemental jurisdiction over state law claims that "substantially predominate[d]" over federal claim).

1

## ARGUMENT

Plaintiffs offer three reasons why the Court should conclude that it has subject matter jurisdiction over the claims in the Amended Complaint. (D.I. 31) Each is without merit.

*First*, Plaintiffs repeatedly contend that their lone federal contribution claim *really is* an "integral" part of this litigation (Sur-Reply, at 3) (D.I. 60), and that the state law breach of fiduciary duty claims are "interlinked" with that claim. (Sur-Reply, at 7) It is not surprising that Plaintiffs – faced with a case dispositive motion to dismiss on subject matter jurisdiction grounds – are now all of a sudden trumpeting the lone federal claim in the Amended Complaint. However, as the Outside Directors explained in their Reply Brief (Reply, at 4 n.2) (D.I. 49), it became abundantly clear after reviewing Plaintiffs' answering brief that they had lost interest in their contribution claim, and placed near exclusive focus on state law fiduciary duty claims purportedly arising from the BAC Merger. Indeed, Plaintiffs devoted a mere three sentences of their 69-page answering brief to their contribution claim, which was not even listed as one of the eleven points described in their answering brief as their "summary of argument."[2] Plaintiffs seek to excuse this omission by pointing the finger at the Outside Directors, contending that because the Outside Directors did not challenge the contribution claim in their opening motion to dismiss brief, there was no need to discuss it in their answering brief. (Sur-Reply, at 6) This is revisionist history – the Outside Directors moved to dismiss the Amended Complaint *in its entirety*, including the contribution claim. Plaintiffs have only themselves to blame for failing to defend the contribution claim from dismissal. Had the federal contribution claim truly been "integral" to the state law claims, logic dictates it would have been referenced more than three times in the answering brief.

Plaintiffs also suggest that the Outside Directors' petition to remove a complaint filed in Maryland state court to federal court establishes that the contribution claim and the state

---

[2] The tenuous link between the federal and state law claims is further exposed when one considers that Plaintiffs do not name the Outside Directors as defendants in connection with their federal contribution claim, and the Outside Directors are not defendants in the separately pending Securities Action on which the contribution claim is based. (Compl. ¶ 115)

2

law claims are sufficiently intertwined such that the Court may extend its supplemental jurisdiction over the state law claims. (Sur-Reply, at 2, 9) However, as previously explained in the Outside Directors' Reply Brief (Reply, at 4 n.2), the *Rosenwald* complaint that was originally removed from Maryland state court is markedly different from the Amended Complaint at issue on this motion. Similar to the complaints that were originally filed in the District of Delaware (e.g., the *Benoit* complaint), the original *Rosenwald* complaint focused almost entirely on statements and disclosures relating to MBNA's first quarter 2005 results. (Compare Ex. A (Benoit federal court complaint) with Ex. B (Rosenwald state court complaint).) In response to the BAC Merger announcement, Plaintiffs made a tactical decision to focus their case on state law fiduciary duty claims arising from the BAC Merger. After this shift in Plaintiffs' case became clear to the Outside Directors, they promptly moved to dismiss the consolidated amended action on subject matter jurisdiction grounds. As Plaintiffs are well aware, "a party does not waive [subject-matter] by failing to challenge jurisdiction early in the proceedings." *See, e.g., Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

       The bottom line is that Plaintiffs simply have not met their burden of alleging that the "state and federal claims [are derived] from a common nucleus of operative fact." *PAAC v. Rizzo*, 502 F.2d 306, 313 (3d Cir. 1974) (finding district court erred in exercising jurisdiction over state claim that did not derive "from a 'nucleus of operative fact' common with the federal claims"). *Id.* The lone federal claim does not even target the Outside Directors, and Plaintiffs have never adequately explained how events relating to the BAC Merger – which was not even announced until June 30, 2005 – could somehow be interrelated with claims relating to disclosures and statements made by insiders between December 2004 and April 2005 that concern only MBNA's first quarter 2005 results. In *Litigation Trust*, this Court refused to "permit the tail to wag the dog," and refused to exercise supplemental jurisdiction over state law claims that "substantially predominate over the federal law claim." 2005 WL 1242157, at *5. The Court should reach the same result here.

3

*Second*, Plaintiffs contend that – independent of their lone federal contribution claim – their disclosure-based claims raise "substantial" and "important" questions of federal law. (Sur-Reply, at 8-9) However, the only count in the Amended Complaint that explicitly raises disclosure claims – Count 11 – makes clear that the disclosure claims are premised on <u>state law</u> fiduciary duty grounds. (Am. Compl. ¶ 189 ("[E]ach of the Defendants named herein breached their fiduciary duty of full disclosure and complete candor.")) It is (at best) inaccurate to suggest that federal law is exclusively invoked any time a corporate official, such as Mr. Hammonds, communicates with the public.[3] (Sur-Reply, at 9) A director's "duty of disclosure" is a well-recognized concept of state corporation law. *See, e.g., Stroud v. Grace*, 606 A.2d 75, 84 (Del. 1992) (the duty of disclosure "represents nothing more than the well-recognized proposition that directors of Delaware corporations are under a fiduciary duty to disclose fully and fairly all material information within the board's control when it seeks shareholder action").

*Third*, perhaps acknowledging that the federal contribution claim is not enough to salvage subject matter jurisdiction over the state law claims, Plaintiffs also attempt to invoke diversity jurisdiction. This blatant attempt to amend their complaint through their Sur-Reply Memorandum falls short of the mark. The Amended Complaint does not "affirmatively and distinctly" assert diversity jurisdiction as a basis for this Court's jurisdiction. *See, e.g., S. Freedman & Co. v. Raab*, C.A. No. 05-1138, 2006 WL 1275922, at *4 (3d Cir. May 10, 2006) (stating that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference") (quotations omitted). That the *Rosenwald* complaint, which was later superseded by the Consolidated Amended Complaint, originally alleged that diversity jurisdiction existed over the parties in this matter does

---

[3] Plaintiffs' reliance on *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005) (holding that federal tax issues should be decided in a federal forum) and *Orman v. Charles Schwab & Co.*, 285 Ill. App. 3d 937 (Ill. Ct. App. 1996) (holding that SEC regulation regarding information unique to brokerage businesses – that was amended prior to the opinion to expressly regulate the information at issue – pre-empted state law claims) is clearly misplaced.

4

not help Plaintiffs. Once an action is consolidated, and plaintiffs have filed a consolidated amended complaint, "the Court considers only the allegations in the consolidated amended complaint" on a motion to dismiss. *In re Telecommunications, Inc.*, C.A. No. 16470-NC, 2003 WL 21543427, at *1 (Del. Ch. July 7, 2003). For this reason, the cases relied on by Plaintiffs for the invocation of diversity jurisdiction are inapposite. *See, e.g., Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 913 (3d Cir. 1999) (holding, in case where no amended consolidated complaint was filed, that original consolidated complaints could be analyzed separately for jurisdictional purposes); *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933) (finding, in case where no amended consolidated complaint was filed, that cases consolidated over plaintiffs' objections could be analyzed separately for jurisdictional purposes).[4]

## CONCLUSION

For the foregoing reasons, and the reasons expressed in their earlier briefing, the Outside Directors respectfully request that all claims against them be dismissed.

Of Counsel:
Jay B. Kasner
Susan L. Saltzstein
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

DATED: January 16, 2007

/s/ Edward P. Welch
Edward P. Welch (I.D. # 671)
Edward B. Micheletti (I.D. #3794)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
Attorneys for the MBNA
Outside Director Defendants

---

[4] Moreover, there is significant doubt as to whether Plaintiffs could establish diversity jurisdiction given that MBNA was a citizen of both Maryland (where it is incorporated) and Delaware (where its principal place of business is located), and at least one of the defendants was a Delaware resident. *See, e.g., Raab*, 2006 WL 1275922, at *3 (for purposes of diversity jurisdiction, a corporation is a resident of the states of its incorporation and its principal place of business). Under 28 U.S.C. § 1401, an action brought by a stockholder on behalf of a corporation may be prosecuted in any judicial district where the corporation might have sued the same defendants. Thus, because at least one of the individual defendants is a resident of Delaware, Plaintiffs have not established diversity exists here. This likely explains why Plaintiffs made no mention of diversity jurisdiction in the consolidated Amended Complaint.