**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE MBNA CORPORATION<br>DERIVATIVE AND CLASS LITIGATION | ) Lead Case No. 1:05-cv-00327(GMS)<br>)<br>) JOINT STATUS REPORT<br>) |
| This Document Relates To:<br><br>    ALL ACTIONS. | )<br>)<br>)<br>)<br>)<br>) |

On June 18, 2007, the parties—plaintiffs Lemon Bay Partners, Donald F. Benoit and Malcolm Rosenwald and defendants Bruce L. Hammonds, John R. Cochran, III, Richard K. Struthers, Kenneth A. Vecchione, Lance L. Weaver, Charles C. Krulak, Michael G. Rhodes, John W. Scheflen (the "Insider Defendants"), James H. Berick, Mary M. Boies, Benjamin R. Civiletti, William L. Jews, Stuart L. Markowitz, William B. Milstead, Laura S. Unger, Thomas G. Murdough (the "Outside Directors"), Randolph D. Lerner, Kenneth D. Lewis and nominal defendants MBNA Corporation ("MBNA") and Bank of America Corporation ("BAC")— through their counsel, conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. They hereby submit this Joint Status Report in preparation for the Scheduling Conference before this Court set for June 26, 2007 at 9:00 a.m.

**1.    Jurisdiction and Service**

Plaintiffs contend that the Court has subject-matter jurisdiction over their federal claims pursuant to 28 U.S.C. § 1331 and over their state-law claims under 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). The Outside Directors, against whom Plaintiffs allege only state-law claims, have moved to dismiss those claims for lack of subject-matter jurisdiction. The Outside Directors argue, *inter alia*, that the Complaint does allege in diversity jurisdiction as a basis for this Court's jurisdiction and that the exercise of

1

supplemental jurisdiction is improper because the lone federal claim – contribution under the federal securities laws – has no nexus to the state law claims. This issue is now fully briefed. In the course of the briefing, Plaintiffs submitted a redline draft of a Consolidated Second Amended Complaint containing additional federal claims, and Plaintiffs are prepared to finalize and file this pleading should the Court determine that subject matter jurisdiction is lacking. Defendants oppose the filing of a Second Amended Complaint because they believe that the additional allegations do not cure the jurisdictional defects.

The Court has personal jurisdiction over all the parties, and no parties remain to be served.

## 2.    Substance of the Action

Plaintiffs purport to be former shareholders of MBNA who brought this derivative action prior to MBNA's merger with BAC, which was approved by MBNA's shareholders on November 3, 2005. Their claims arise out of MBNA's earnings statement in the first quarter of 2005 and MBNA's subsequent merger with BAC. Plaintiffs allege that the Insider Defendants are liable for contribution pursuant to the federal securities laws if BAC is held liable for securities fraud violations arising out of statements made by MBNA in the first quarter of 2005. Additionally, Plaintiffs allege that all of the MBNA individual defendants (*i.e.*, all defendants except Kenneth Lewis) breached fiduciary duties owed to nominal defendant MBNA and to plaintiffs directly in connection with the merger between MBNA and BAC. Plaintiffs further allege that defendant Lewis, the Chairman and CEO of BAC, aided and abetted certain of those alleged breaches of fiduciary duties in connection with that merger. Plaintiffs seek to bring derivative claims on behalf of both MBNA and its putative successor BAC. The Complaint also asserts class claims on behalf of two putative classes: (i) the "Holder Class" and (ii) the "Merger

Class."[1]  Plaintiffs have stated that they do not intend to pursue their "Holder Class" claims in light of the Supreme Court's decision in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71 (2006).

Defendants deny that that they breached any fiduciary duty owed to Plaintiffs or to MBNA, and they assert that the merger between BAC and MBNA extinguished Plaintiffs' standing to assert derivative claims under Maryland law.  Defendants further assert that plaintiffs' derivative claims ought to be dismissed for failure to make a demand upon the Board of either MBNA or BAC or to plead demand futility.  Defendants have filed two separate motions to dismiss the Complaint for failure to state a claim upon which relief can be granted— one by the Outside Directors and the other by the Insider Defendants and defendants Lewis and Lerner.  These motions are fully briefed.

**3.    Identification of Issues**

The following factual and legal issues are genuinely in dispute:

(a)    Whether this Court has subject-matter jurisdiction over the claims asserted against the Outside Directors in this action.

(b)    Whether Plaintiffs have standing to assert derivative claims against any Defendant following the merger.

(c)    Whether Plaintiffs had an obligation to make a demand upon the Board of Directors of MBNA or BAC and whether Plaintiffs have sufficiently alleged that such demand, if required, would have been futile.

(d)    Whether Defendants owed any fiduciary duties directly to Plaintiffs as shareholders of MBNA.

---

[1]    The "Merger Class" is defined in the Complaint as:  "all MBNA shareholders who will have their shares exchanged in the Merger and will suffer damages as a result of the wrongs alleged herein and the unfair and inadequate MBNA merger price."  (Complaint ¶ 108(b).)

(e)      Whether there was any breach of fiduciary duty in connection with the negotiation of the merger between BAC and MBNA.

(f)      Whether there was any breach of fiduciary duty in connection with the dissemination of the proxy statement related to the merger.

(g)      Whether there was any breach of fiduciary duty in connection with MBNA's statements during the first quarter of 2005 about its expected earnings.

(h)      Whether defendant Lewis aided and abetted any breach of fiduciary duty by an MBNA defendant in connection with the merger.

(i)      Whether Defendants are entitled to dismissal of the breach of fiduciary duty claims arising out of the merger based on the MBNA shareholders' vote approving the merger.

(j)      Whether the approval of the merger by MBNA's Board of Directors was a valid exercise of business judgment.

(k)      Whether class certification is appropriate with respect to the Merger Class.

(l)      Whether defendants' alleged breaches of fiduciary duties caused any loss to Plaintiffs.

**4.      Narrowing of Issues**

At this stage in the litigation, the parties have not reached agreement on ways to narrow the issues before the Court.  Defendants' pending motions to dismiss, however, may narrow the issues in the litigation.  If this Court's ruling on that motion does not dispose of the entire action, the parties will continue to work in good faith to narrow the issues in the litigation.

**5.      Relief**

Plaintiffs seek monetary relief:   (i) against the MBNA individual defendants for contribution to MBNA or its successor in interest pursuant to Section 10(b) and 21(D) of the Securities Exchange Act of 1934; and (ii) against all Defendants for damages allegedly sustained

by MBNA, or its successor in interest, as a result of the alleged breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment.  Plaintiffs also seek equitable and/or injunctive relief, restitution or disgorgement of profits, damages to the class (including punitive damages, if permitted), attorneys' fees and costs, and "[a]ny such other and further relief as may be just and proper."

**6.     Amendment of Pleadings**

Plaintiffs do not intend to amend the Complaint unless the Court finds the Complaint deficient or directs Plaintiffs to file an amended complaint.  Plaintiffs have requested, and would continue to request, leave to amend their Complaint to correct any deficiencies identified by the Court in connection with Defendants' pending motions to dismiss.  Given that Plaintiffs have already amended their Complaint once, Defendants oppose any further amendments.

**7.     Joinder of Parties**

Plaintiffs do not anticipate joining additional parties, but reserve the right to do so pending a review of the results of discovery.  Defendants do not anticipate the need at this time to join any additional parties and, if their motions to dismiss are not granted, ask that the Court set an early deadline for Plaintiffs to join any additional parties.

**8.     Discovery**

Thus far, there has been no discovery in this case.  Plaintiffs believe that the immediate commencement of discovery will move this case closer to a resolution.  Plaintiffs therefore would like to begin fact discovery immediately, to be followed by expert discovery.  Plaintiffs believe that with the cooperation of Defendants, fact discovery could be completed in nine months.  Defendants submit that—in order to ensure that discovery is not unnecessarily costly and time-consuming—the discovery in this action should commence, and, to the extent the parties overlap, be coordinated with, the start of discovery in Civil Action Numbers 05-272

(GMS) and 05-429 (GMS), two other actions pending before this Court based on the same underlying factual allegations.  Discovery in Civil Action Number 05-272 – In re MBNA Corp. Securities Litigation – is currently stayed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  15 U.S.C. § 78u-4(b).  Plaintiffs do not agree that the PSLRA stay should delay discovery as to those claims asserted by Plaintiffs that are not brought under the PSLRA, and not subject to its explicit stay provisions.  Defendants submit, however, that all discovery in this action should be deferred until such time as discovery commences in the related actions because discovery in the three actions is likely to overlap to a substantial degree. Defendants agree that coordinated fact discovery in the three actions can be completed within nine months of when it commences.

**9.      Estimated Trial Length**

The parties estimate a two week trial at this time.

**10.     Jury Trial**

Plaintiffs' Complaint demands a trial by jury on all issues so triable.

**11.     Settlement**

The parties have engaged in preliminary settlement discussions, which have been unsuccessful to date.  Plaintiffs are amenable to engaging in private mediation to reach a resolution of this action, but they do not believe that referral to a Magistrate Judge for mediation would be appropriate.  Defendants are amenable to exploring settlement under the supervision of a Magistrate Judge or an outside mediator agreed upon by the parties.

**12.     Other**

The parties have not identified any additional matters to bring to the Court's attention at this time.

**13.    Statement of Conference**

The parties' counsel have conferred about each of the matters enumerated above in advance of this submission.

Dated:  June 19, 2007                            CHIMICLES & TIKELLIS, LLP
                                                 PAMELA S. TIKELLIS
                                                 A. ZACHARY NAYLOR

                                                 */s/ A. Zachary Naylor*
                                                 _____
                                                      A. ZACHARY NAYLOR

                                                 One Rodney Square
                                                 P.O. Box 1035
                                                 Wilmington, DE 19899
                                                 Telephone: (302) 656-2500
                                                 Facsimile: (302) 656-9053

                                                 Liaison Counsel for Plaintiffs


                                                 ROBBINS UMEDA & FINK, LLP
                                                 BRIAN J. ROBBINS
                                                 JEFFREY P. FINK
                                                 CAROLINE A. SCHNURER
                                                 JILL E. KLEMANN
                                                 610 West Ash Street, Suite 1800
                                                 San Diego, CA  92101
                                                 Telephone: (619) 525-3990
                                                 Facsimile: (619) 525-3991

                                                 PASKOWITZ & ASSOCIATES
                                                 LAURENCE PASKOWITZ
                                                 60 East 42nd Street, 46th Floor
                                                 New York, NY 10165
                                                 Telephone: (212) 685-0969
                                                 Facsimile: (212) 685-2306

                                                 Co-Lead Counsel for Plaintiffs

                                                 YOUNG CONWAY STARGATT &
                                                    TAYLOR, LLP
                                                 RICHARD H. MORSE

                                                 */s/ Richard H. Morse*
                                                 _____
                                                      RICHARD H. MORSE

1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
Telephone: (302) 571-6600
Facsimile: (302) 576-3319

SULLIVAN & CROMWELL LLP
RICHARD C. PEPPERMAN II
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Counsel for Nominal Defendant MBNA
Corporation and defendants Bruce L.
Hammonds, Kenneth A. Vecchione, Richard K.
Struthers, John R. Cochran, III, Lance L.
Weaver, Charles C. Krulak, Michael G.
Rhodes, John W. Scheflen, Randolph D. Lerner
and Kenneth L. Lewis

SKADDEN ARPS SLATE MEAGHER &
   FLOM, LLP
EDWARD P. WELCH


*/s/ Edward P. Welch*
                    EDWARD P. WELCH

One Rodney Square
P.O. Box 636
Wilmington, DE 19899
Telephone: (302) 651-3060
Facsimile: (302) 651-3001

Jay B. Kasner
Susan L. Saltzstein
SKADDEN ARPS SLATE MEAGHER &
FLOM, LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

8

Counsel for defendants James H. Berick, Mary
M. Boies, Benjamin R. Civiletti, William L.
Jews, Randolph D. Lerner, Stuart L.
Markowitz, William B. Milstead, Laura S.
Unger and Thomas G. Murdough

258378_4.DOC