**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE MBNA CORPORATION DERIVATIVE AND CLASS LITIGATION | ) Lead Case No. 1:05-cv-00327 (GMS) |
| | ) |
| | ) |
| | ) |
| This Document Relates To: | ) |
| | ) |
| ALL ACTIONS. | ) |
| | ) |
| | ) |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OR REARGUMENT**

**I.     INTRODUCTION**

On June 26, 2007, the Court dismissed plaintiffs Lemon Bay Partners, Donald F. Benoit ("Benoit") and Malcolm Rosenwald's Consolidated Amended Shareholder Class and Derivative Complaint ("Complaint") (D.I. #31) in its entirety and directed the clerk to close this case. *See* Memorandum and Order ("Dismissal Order") (D.I. #75) dated June 26, 2007. Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("F.R.C.P."), plaintiffs respectfully request the Court reconsider its Dismissal Order and find that plaintiffs adequately pled subject matter jurisdiction and/or grant plaintiffs leave to amend the Complaint. Alternatively, plaintiffs request reargument pursuant to Local Rule 7.1.5.

**II.     PLAINTIFFS TIMELY SEEK RECONSIDERATION OR REARGUMENT**

Plaintiffs move for reconsideration or reargument of the Court's Dismissal Order pursuant to F.R.C.P. 59 and Local Rule 7.1.5, respectively. Rule 59 provides that "[a]ny motion for a new trial … [or] to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Similarly, Local Rule 7.1.5 provides that "[a] motion for re-argument shall be served

1

and filed within 10 days after the filing of the Court's opinion or decision." Here, the Court's Dismissal Order was entered on June 26, 2007. Accordingly, plaintiffs timely file this motion.

## III.    APPLICABLE   LEGAL   STANDARD   FOR   RECONSIDERATION   OR REARGUMENT

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).[1] Consequently, a court may grant reconsideration if there is "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). On the other hand, reargument may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990); *see also Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); D. Del. LR 7.1.5; *Corning Inc. v. SRU Biosystems*, 2006 WL 155255 (D. Del. 2006) (citing to *In re DaimlerChrysler AG Securities Litigation*, 200 F.Supp.2d 439, 441 (D. Del. 2002)) (explaining that "[a] motion for reconsideration under Delaware Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered ordered is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e)").

---

[1] Here, as throughout, all emphasis is deemed added and citations and footnotes are deemed omitted unless otherwise noted.

IV.    **SUMMARY OF GROUNDS FOR PLAINTIFFS' MOTION**

Plaintiffs move for reconsideration of the Court's Dismissal Order or reargument on the following grounds:

A.    The Court erred in finding that it lacks subject matter jurisdiction over this class and derivative action because:

1.    the Dismissal Order states no legal basis for the dismissal of the First Cause of Action of plaintiffs' Complaint, which sets forth a federal claim under Sections 10(b) and 21(D) of the Securities Exchange Act of 1934. The authority upon which the Court relied, *Litig. Trust of MDIP, Inc.*, 2005 U.S. Dist. LEXIS 9901 (D. Del. May 25, 2005) and *United Mine Worker of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), involved the dismissal of state claims only;

2.    the Dismissal Order does not address the central alleged relationship of the federal and state claims (as alleged in the Complaint at ¶¶1-2, 8-17, 64-81, 84, 90, 94, the Plaintiffs' Brief In Opposition to Defendants' Motion to Dismiss ("Answering Brief") (D.I. #47) at 1, 8-14,  and Plaintiffs' Sur-Reply Memorandum Relating to the Issue of Subject Matter Jurisdiction ("Sur-Reply") (D.I. #60) at 6-7), that the merger of MBNA with BAC arose from a continuing scheme related to the federal securities claims and was motivated by the need to shield defendants from liability arising therefrom; and

3.    the Dismissal Order does not address plaintiffs' arguments (Sur-Reply at 8-9) that *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 315 (2005), supports this Court's exercise of

implied federal question jurisdiction over plaintiffs' state law claims (Counts Two - Eleven).

B.    The Court's Dismissal Order does not address plaintiffs' alternative request for leave to amend the Complaint, as requested first in plaintiffs' Answering Brief at 69 and subsequently in plaintiffs' Sur-Reply at 14, for the purpose of:

1.    asserting additional federal claims in an amended complaint which plaintiffs submitted to the Court in draft form on December 7, 2006 (*See* Exhibit C to the Declaration of Laurence D. Paskowitz in support of the Sur-Reply (D.I. #62)); and

2.    affirmatively re-asserting diversity jurisdiction on plaintiff Benoit's behalf (Sur-Reply at 10-11).

## V.    DISCUSSION OF GROUNDS FOR PLAINTIFFS' MOTION

### A.    The Court Erred In Finding That It Did Not Have Subject Matter Jurisdiction Over This Class And Derivative Action

Plaintiffs brought this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) because this action arises under both Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and 15 U.S.C. §78j(b), pursuant to which there is a private right of action for contribution, and Section 21D of the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4, which governs the application of any private right of action for contribution asserted pursuant to the Exchange Act. Plaintiffs also brought this action pursuant to 28 U.S.C. §1367 (supplemental jurisdiction) because this statute provides that the district court has supplemental jurisdiction over all other claims which are so related to claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy. In addition, plaintiffs bring this action, via plaintiff Benoit, pursuant to 28 U.S.C. §1332 (diversity jurisdiction). Plaintiff Benoit,

whose action was subsequently consolidated into this action, affirmatively alleged diversity jurisdiction in his original complaint.

The Court disagreed with plaintiffs' allegation of jurisdiction under §§1331 and 1367, and acknowledged, yet rejected plaintiffs' diversity claim under §1332 on technical pleading grounds. The dismissal includes the First Cause of Action asserted in plaintiffs' complaint which alleges a federal claim under Sections 10(b) and 21(D) of the Securities Exchange Act of 1934,[2] without any analysis of that claim, and without citation of any authority that permits a federal court to dismiss a federal claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) or otherwise. The basis for the Court's rejection of jurisdiction under Section 1331 is unsupported by any case law that would permit a District Court to dismiss a federal claim, even if it feels it should not retain jurisdiction over any pendent claims.[3] Accordingly, the Court dismissed this entire action pursuant to F.R.C.P. 12(h)(3) which mandates that a court must dismiss an action "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." (*See* Dismissal Order at 2.)  For the reasons discussed below, the Court erred in dismissing this action based on subject matter jurisdiction.  Hence, the Court should

---

[2]  15 U.S.C.§78j(b) and 15 U.S.C. §78u-4.

[3]  The Court relied upon its previous decision in *MDIP*, but *MDIP* is completely inapposite on this point. There, at issue was a motion to dismiss Counts I and II of a complaint which counts the Court plainly identifies as asserting only "state law claims."  *MDIP*, 2005 U.S. Dist. LEXIS 9901 at *9-10 ("The defendants argue that Counts I and II, *which are state law claims*, should be dismissed for lack of subject matter jurisdiction…").  In *MDIP*, the Court did not dismiss Count IV of the complaint before it which alleged federal question jurisdiction. *Id.* at *13 n.7.  The Court in its Order also misapplies *Gibbs*, which it quotes as holding: "Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, *the state claim may fairly be dismissed*." (emphasis supplied).  *Gibbs*, 383 U.S. at 726.  *Gibbs* says nothing about dismissal of federal claims on jurisdictional grounds, and it is clear the Court lacks power to do so.

reconsider its Dismissal Order or grant plaintiffs' request for reargument to rectify any

misunderstandings.

> **1.     There is No Legal Basis for Dismissing Plaintiffs' First Cause of Action, Which Arises Under Federal Law**

Plaintiffs can find no authority permitting the dismissal of a federally based claim for

lack of subject matter jurisdiction, rather than on it merits, which here were never reached.

Other than its own decision in *MDIP, supra,* which involved a motion to dismiss only state-law

based counts of a complaint and not the federal claim asserted in that action,  the Court cites one

other decision-- *United Mine Worker of Am. v. Gibbs*, 383 U.S. 715 (1966).  *Gibbs* holds only

that, if the court deems a federal claim to be insubstantial, any pendent "*state claim* may fairly be

dismissed."  *Id.* at 726.   Nothing in *Gibbs* confers authority to dismiss the federal claim on

jurisdictional grounds.   Indeed, as the Supreme Court noted in *New Orleans Pub. Serv., Inc. v.

Council of New Orleans,* 491 U.S. 350, 358-59 (1989):

> "'[T]he courts of the United States are bound to proceed to judgment and to afford
> redress to suitors before them in every case to which their jurisdiction extends.
> They cannot abdicate their authority or duty in any case in favor of another
> jurisdiction.'" *Chicot County v. Sherwood*, 148 U.S. 529, 534 (1893) (citations
> omitted). "When a Federal court is properly appealed to in a case over which it
> has by law jurisdiction, it is its duty to take such jurisdiction. . . . The right of a
> party plaintiff to choose a Federal court where there is a choice cannot be properly
> denied." *Willcox v. Consolidated Gas Co*., 212 U.S. 19, 40 (1909) (citations
> omitted). Underlying these assertions is the undisputed constitutional principle
> that Congress, and not the Judiciary, defines the scope of federal jurisdiction
> within the constitutionally permissible bounds. *Kline v. Burke Construction Co.*,
> 260 U.S. 226, 234 (1922).

The Court's manifest error in this instance may have led it into error with regard to the

other issues before it, as the Court apparently believed it had the power to dismiss the First Cause

of Action, whose allegations are integrally related to another case before this Court and which is

now proceeding onto discovery.  Just recently on July 6, 2007, in *Baker v. MBNA, et al.*, C.A.

No. 05-272 (D. Del.)(GMS), this Court upheld claims against MBNA, and its top executives,

6

defendants Bruce L. Hammonds ("Hammonds"), Kenneth A. Vecchione ("Vecchione") and Charles C. Krulak ("Krulak"). These same executives are named as defendants in plaintiffs' Complaint in and are whom plaintiffs' First Cause of Action, which must remain before this Court, is directed against. It would be highly wasteful and confusing for some claims against Hammonds, Vecchione and Krulak to proceed in this Court, while plaintiffs pursue other, related and overlapping claims against these same defendants in state court. This Court's error in dismissing plaintiffs' First Cause of Action should lead it to reconsider whether it is prudent to decline jurisdiction over the related pendent claims.

2.    **The Court Erred in Failing to Consider Plaintiffs' Entire Argument Concerning the Relatedness of Their Federal and State Claims**

Plaintiffs argue that the federal and state claims alleged in the Complaint are related because they are: (i) "part of a common scheme, with the securities fraud constituting [(a)] the background for the later unfair merger, [and (b)] the motive for orchestrating the merger [;] and [(ii)] the primary reason the merger price did not reflect fair value." (Sur-Reply at 6-7.) *See also id.* (the securities claims are "essential to plaintiffs' showing of motive, bad faith, and the reasons for the inadequacy of the merger price"). The Court, however, based its opinion only on the latter argument concerning the fair value of the merger price. Specifically, the Court asserts that plaintiffs argue that the claims are related only "because the material misstatements and omissions which underlie the federal claim led to MBNA's stock price being artificially inflated, which in turn allowed the merger between MBNA and BAC to occur, which ultimately caused the merger price to be less than fair value." (*See* Dismissal Order at 8.) The Court found this argument was insufficient to form a connection between the federal and state claims. *Id.* At no point in its Dismissal Order does the Court take into account plaintiffs' theory of continuing wrong and the securities claims as background and *motive* for the merger. Based on the Court's

7

incomplete rendering of plaintiffs' argument, the Court found that "plaintiffs have not adequately explained how events relating to the BAC merger, which was not announced until June 30, 2005, are interrelated with claims relating to disclosures and statements made by defendants between December 2004 and April 2005 that concern only MBNA's first quarter results." *Id.* By overlooking the core of plaintiffs' argument regarding the relatedness of the federal and state claims, the Court erred. Thus, the Court should reconsider its Dismissal Order or grant plaintiffs reargument as the Court appears to have patently misunderstood plaintiffs.[4]

      **3.**    **The Court Erred When It Found that Plaintiffs' Federal and State Claims Were Not Sufficiently Related to Create Subject Matter Jurisdiction in this Court**

      Plaintiffs argue that defendants' wrongdoing began with the distribution of excessive compensation and perquisites, grew into securities fraud and consequently culminated in orchestrating and entering into a merger with Bank of America Corporation ("BAC") to shield themselves from liability from their prior wrongdoing. Plaintiffs' federal securities claims not only provide the Court with background leading to MBNA's merger with BAC, but they also provide the motive for such merger. As plaintiffs argued, the securities claims are "essential to plaintiffs' showing of motive." (*See* Sur-Reply at 6-7.) Accordingly, plaintiffs' federal and state claims are sufficiently intertwined because the facts giving rise to the federal claims were important "background facts" and relevant to the defendants' motives. (*See* Sur-Reply at 7 citing

---

[4] Indeed, defendants have even acknowledged the interrelatedness of plaintiffs' federal securities claims and state claims throughout this litigation. *See* Joint Status Report (D.I. #73) dated June 19, 2007 at 6 (explaining that this action "is based on the same underlying factual allegations" as the securities action and the ERISA action); Opening Brief of Nominal Defendants MBNA Corporation and Bank of America Corporation, the MBNA "Insider Defendants" and Defendants Randolph D. Lerner and Kenneth L. Lewis in Support of Their Motion to Dismiss at 2 (D.I. #39) (explaining the derivative, securities and ERISA actions "are based on the same underlying factual allegations").

*Nanavati v. Burdette Tomlin Mem'l Hosp.*, 857 F.2d 96, 105-06 (3d Cir. 1988)).[5]  Indeed, plaintiffs' state law claims are simply an offshoot of the federal claims and if there had been no securities fraud, plaintiffs allege that there very likely would have been no merger because defendants would not need to shield themselves from liability.  Because defendants were highly motivated to find a way to indemnify themselves from liability arising out of the federal securities fraud, the merger with BAC was a necessity.[6]

The securities claims alleged herein provide the foundation for the subsequent state claims relating to the merger, as well as the motive for the merger.  The securities claims clearly bear a "discernable relationship to the contribution claim."  Accordingly, the Court should reconsider its Dismissal Order denying jurisdiction over such claims.[7]

### 4.    The Court Erred in Failing to Consider Plaintiffs' Argument Concerning Implied Federal Question Jurisdiction

Plaintiffs argued that the Court had federal question jurisdiction arising from defendant Hammonds' duty to disclose merger efforts and that the duty of disclosure issue turned on the construction and application of federal law.  (Sur-Reply at 8-9.)  In support thereof, plaintiffs cited to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 315 (2005) wherein the Supreme Court found that a court may exercise original jurisdiction

---

[5] This principal announced in *Nanavati* was most recently applied in *Doe v. Liberatore,* 478 F. Supp. 2d 742, 757 (M.D. Pa. 2007)(federal claim conferred jurisdiction over state law claims even though the state law claims required "proof of additional facts" which were "not entirely congruous" with the federal claim).

[6] The liability which defendants face for securities fraud is even more evident now as the Court denied, in part, defendants' motions to dismiss on July 6, 2007.  *See supra* at 5.

[7] Because the Court erred in finding it lacked subject matter jurisdiction over plaintiffs' securities claims, it also erred in finding that it lacked supplemental jurisdiction over the remaining state law claims.  Accordingly, if the Court reconsiders its ruling on subject matter jurisdiction and finds that it in fact can exercise jurisdiction, it should also reconsider its ruling concerning supplemental jurisdiction over the remaining state law claims.

over state law claims that present an "important issue of federal law that sensibly belongs in a federal court." *Accord, PNC Bank, N.A. v. PPL Elec. Utils. Corp.*, 189 Fed. Appx. 101, 104n.3 (3d Cir. 2006)(applying *Grable* to exert jurisdiction where state law claim turned on "construction or application" of federal law). Here, plaintiffs argued that the state law claims turned on the question of whether defendants were required to adequately disclose the state of merger efforts at the time defendant Hammonds represented that MBNA was "not for sale." Because this disclosure question rests on federal law, plaintiffs argued that the Court could have exercised federal question jurisdiction over the state law claims. Although the Court's factual recitation acknowledged that defendant Hammonds was quoted as saying MBNA was not for sale, the Court failed to address plaintiffs' argument concerning implied federal question jurisdiction. The Court should reconsider its order in light this argument or permit plaintiffs the opportunity for reargument.

**B.     The Court Overlooked Plaintiffs' Request to file a Second Consolidated Amended Complaint, and Should Have Allowed Re-Pleading Under the Liberal Standards of Fed. R. Civ. P. 15 (a)**

Prior to this Court's June 26, 2007 Dismissal Order plaintiffs did not believe there were any defects in their allegations of subject matter jurisdiction, and had no opportunity to amend to address any that the Court might find. Indeed, plaintiffs were taken by surprise by the individual defendants' assertions that the claims were lacking in this regard since: (a) plaintiffs alleged a substantial cause of action for contribution for violations of the federal securities laws by MBNA and its top officers;[8] (b) one of the constituent actions (*Rosenwald*) was removed from state court

---

[8]  The claims may involve damages approaching $1 billion, and are not "insubstantial" like the $450,000 claim at issue before this Court in *MDIP, supra*. Such contribution claims are largely governed and regulated by federal law, as expressed in the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4 *et seq. See e.g., Greebel v. FTP Software, Inc.*, 194 F.3d 185, 200 n. 13 (1st Cir. 1999)("In *Musick, Peeler & Garrett v. Employers Insurance of Wasau*, 508 U.S. 286, 288, 124 L. Ed. 2d 194, 113 S. Ct. 2085 (1993), the Supreme Court had held there

10

by defendants themselves on federal question grounds; and (c) another constituent case, *Benoit*, had asserted diversity jurisdiction, which under Third Circuit precedent does not evaporate upon consolidation with other cases that are not based on diversity.[9]

The asserted lack of subject matter jurisdiction was not mentioned by any of the defendants until its appearance in the motion to dismiss *reply* brief filed by the individual defendants on April 5, 2006 (D.I. #53). Plaintiffs sought immediate leave to address this contention, which was granted by the Court on November 27, 2006. In their Sur-Reply dated December 11, 2006, plaintiffs did not merely stand on their allegations, but affirmatively sought leave to re-plead to assert additional federal claims arising out of the same transactions and occurrences alleged in the existing pleading if the Court found it lacked subject matter jurisdiction, and to clarify that *Benoit* rested on diversity jurisdiction. The Sur-Reply was accompanied by a 70-page redlined draft amended pleading. The Dismissal Order overlooks plaintiffs' request to re-plead in the event the Court finds a lack of subject matter jurisdiction, and the fact that a draft amended pleading was submitted to the Court. The Dismissal Order also overlooks the fact that, to the extent plaintiff Benoit did not reiterate his diversity allegations in

---

was a right of contribution among defendants in Rule 10b-5 actions, without addressing how the contribution should be allocated. *The PSLRA now defines how such contribution should be allocated.*" (emphasis added); *McSherry v. Capital One FSB*, 236 F.R.D. 516, 520 (W.D. Wash. 2006)("One example of a federal statute expressly providing for contribution is the [PSLRA], which provides in subsection (f)(8) that '[a] covered person who becomes jointly and severally liable for damages in any private action may recover contribution from any other person who, if joined in the original action, would have been liable for the same damages.'").

[9] *See Cella v. Togum Constructeur Ensemleier En Industrie Alimentaire*, 173 F.3d 909, 913 (3d Cir. 1999), *citing with approval Webb v. Just in Time, Inc.*, 769 F. Supp. 993, 996 (E.D. Mich. 1991)(holding that the court should determine presence or absence of diversity jurisdiction by analyzing each case separately even though cases had been consolidated). *See also, EEOC v. Conectiv*, 2006 U.S. Dist. LEXIS 33410, at *12 (E.D. Pa. May 25, 2006)(citing *Cella* and noting that: "while a consolidation order may result in a single unit of litigation, *such an order does not create a single case for jurisdiction purposes.*") (citations omitted; emphasis added).

the Complaint, he must be allowed to correct this omission through amendment under both established Third Circuit precedent and federal statutory law. *See e.g., Berkshire Fashions, Inc. v. The M.V. Hakusan II*, 954 F.2d 874, 887 (3d Cir. 1991)(order vacated where leave to amend to assert diversity was not granted); 28 U.S.C. § 1653 (permitting defects in jurisdictional allegations to be remedied at the trial level or the appellate level).

**1.    The Court Should Grant Plaintiffs Leave to Assert Additional Federal Claims**

Fed. R. Civ. P. 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." The Third Circuit "has often held that, absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations omitted).

The policy allowing liberal amendment of the pleadings extends to deficient allegations of subject matter jurisdiction, as illustrated by *Berkshire Fashions, Inc. v. The M.V. Hakusan II*, 954 F.2d 874 (3d Cir. 1992). There, the plaintiff failed to adequately allege a basis for subject matter jurisdiction, but sought leave to amend to allege diversity for the first time. The District Court's denial of permission to do so was reversed by the Third Circuit (*Id*. at 887)(citation omitted; emphasis supplied):

> Presumably the district court believed that, at least in this case, Berkshire's failure to assert diversity as a basis for jurisdiction in its original complaint precluded Berkshire from ever asserting diversity as a basis for subject matter jurisdiction....We know of no absolute prohibition against asserting another basis for jurisdiction in an amendment to a pleading, provided that such jurisdiction would have existed at the time the complaint was originally filed...Many circuits have held that no such prohibition exists...The rationale for this construction of Rule 15 stems from the liberal approach to amendment embodied in judicial interpretation of the rule... *In sum, nothing prevents a district court from granting a party leave to amend its complaint to assert a new basis for subject matter*

> *jurisdiction, provided that the amendment is not unduly delayed, advanced in bad*
> *faith, or prejudicial to the opposing party, and none of those factors is present*
> *here.*[10]

Thus, this Court should allow plaintiffs the opportunity to assert a "new basis for subject matter jurisdiction" in the form of federal proxy and open market fraud claims as detailed in the proposed amended complaint (*see* Draft Cplt. ¶¶ 18(b) and 127-45) and to reiterate the diversity allegations that were inadvertently lost in the process of preparing the present Complaint. (*See* Draft Cplt. ¶ 18(c).)  *See also, Srein v. Nat'l Legal Research Group,* 2002 U.S. Dist. LEXIS 23992, at *7 (E.D. Pa. Dec. 16, 2002)("Ordinarily, plaintiffs are granted leave to amend the complaint to allege subject matter jurisdiction properly."); *Agostino Ferrari, S.p.A. v. Antonacci,* 858 F. Supp. 478, 480  (E.D. Pa. 1994)("In light of [the Third Circuit's ruling in] *Berkshire,* it is clear that a party may amend its pleading to state a different jurisdictional basis, and a trial court has jurisdiction to rule on the request for leave to amend.").

No argument can be made that the assertion of these claims has been unduly delayed, or will cause prejudice, as little has transpired in this case other than the briefing of motions to dismiss.  To a large extent, the briefing already concluded will be applicable to the claims asserted in a Second Consolidated Amended Complaint.  Defendants will also not be prejudiced by an amendment as the effect of allowing it will merely be to keep these claims in this Court, where they have been pending since 2005, rather than shifting them to a fresh venue, where litigation would have to begin anew and much that has already been done would have to be

---

[10] *See also, USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 204 (3d Cir. 2003)("we have held that a district court abused its discretion by *not* allowing plaintiffs to amend their complaint to allege jurisdiction on diversity grounds where diversity existed but had not been a necessary basis for jurisdiction before the federal claims in the case were dismissed.") (citation omitted; emphasis in original); *Scattergood v. Perelman,* 945 F.2d 618, 627 (3d Cir. 1991)(noting that amendment of pleadings should be allowed in light of Fed. R. Civ. P. 15(a) and 28 U.S.C.§ 1653: "[S]ection 1653 of Title 28 allows plaintiffs to amend defective allegations of jurisdiction in the trial or appellate courts. This provision permits amendments broadly so as to avoid dismissal of diversity suits on technical grounds.") (citations omitted).

repeated.  In addition, discovery in this action will considerably overlap with discovery in *Baker*, because this Court denied the motion to dismiss that case as to MBNA and its principal executives on July 6, 2007.[11]

Nor can any argument be made that the amendment would be futile.  As to plaintiff's open market fraud claims, we have already shown in previous briefing that plaintiffs' allegations state viable claims under federal law. *See* Motion to Dismiss Opp. Br. dated Mar. 6, 2006, at 29, *citing, In re MCI Worldcom Secs. Litig.*, 2000 U.S. Dist. Lexis 7230 (E.D.N.Y. Apr. 11, 2000); *Buxbaum v. Deutsche Bank, A.G.,* 2000 U.S. Dist. Lexis 5838 (S.D.N.Y. Mar. 7, 2000); and *Shepard v. Humke,* 2002 U.S. Dist. Lexis 14731 (S.D. Ind. July 2, 2002).  There can also be no question that a false and misleading proxy statement gives rise to claims under Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. §78n(a), and Rule 14a-9 thereunder. *See Shaev v. Saper,* 320 F.3d 373, 378-79 (3d Cir. 2002), *citing inter alia, J.I. Case v. Borak*, 377 U.S. 426, 431-32 (1964).[12]

### 2.    The Court Should Permit Plaintiffs Leave to Amend to Re-Assert Diversity Jurisdiction

As noted above, plaintiff Benoit's original complaint was grounded in both federal question jurisdiction and in jurisdiction based on complete diversity.[13]  Although *Benoit* was consolidated with other actions, consolidation does not merge lawsuits into a single action, "or change the rights of the parties, or make those who are parties in one suit parties in another."

---

[11]   Indeed, in the Joint Status Report submitted in this case on June 19, 2007, defendants stated that *Baker* and the instant action were largely "based on the same underlying factual allegations." (Joint Status Report at 6.)

[12]   On the motion to dismiss briefing, plaintiffs noted that their proxy claims would be upheld under federal law.  *See* Answering Brief at 45 and n.24, *citing Shaev v. Saper, supra* and *Shapiro v. UJB Financial Corp.,* 946 F.2d 272 (3d Cir. 1992).

[13]   The *Benoit* complaint, at ¶ 2, alleges satisfaction of the $75,000 jurisdictional amount.

*Johnson v. Manhattan Railway Co.,* 289 U.S. 479, 496-97 (1933).   The mere fact of consolidation, therefore, cannot destroy diversity jurisdiction, which is measured at the time of the commencement of the suit.  As the Third Circuit explained in *Cella, supra,* 173 F.3d at 913, in addressing whether consolidation had affected diversity jurisdiction:

> [C]omplete diversity of citizenship existed--*and continued to exist even after consolidation*--in the first action involving Bosch.  *See Webb v. Just in Time, Inc.,* 769 F. Supp. 993, 996 (E.D. Mich. 1991) (holding that the court should determine presence or absence of diversity jurisdiction by analyzing each case separately even though cases had been consolidated); *In re Joint Eastern & Southern Districts Asbestos Litigation,* 124 F.R.D. 538, 541 (S.D.N.Y. 1989) (holding that diversity jurisdiction over an action was not destroyed by consolidation of that action with a second action brought by a plaintiff who was a citizen of the same state as a defendant in the diversity action). Thus, the District Court should have allowed the first action to proceed to the merits. (Emphasis added).

Given that the *Benoit* case retains diversity jurisdiction, the Court also has ancillary jurisdiction over any claims made on behalf of MBNA shareholders that arise from the same case or controversy as Benoit's diversity claims regardless of whether these other claims satisfy the jurisdictional amount. *See e.g., Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 125 S. Ct. 2611, 2624-25 (2005); *Lindsay v. Gov't Emples. Ins. Co.,* 448 F.3d 416, 423 (D.C. Cir. 2006)("§ 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.").

That diversity was not explicitly re-alleged in the Complaint does not warrant dismissal, but rather justifies granting leave to amend.  *See Berkshire Fashions, Inc. v. The M.V. Hakusan II*, 954 F.2d 874, 887 (3d Cir. 1991); *USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 204 (3d Cir. 2003); *Scattergood v. Perelman*, 945 F.2d 618, 627 (3d Cir. 1991); 28 U.S.C. § 1653.

## VI.    CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the Court reconsider its Dismissal Order which dismissed plaintiffs' Complaint in its entirety and find that plaintiffs had subject matter jurisdiction and/or grant plaintiffs leave to amend. In the alternative, plaintiffs request reargument.

Dated: July 11, 2007                              Respectfully submitted,

                                                  CHIMICLES & TIKELLIS, LLP
                                                  PAMELA S. TIKELLIS
                                                  ROBERT J. KRINER, JR.
                                                  A. ZACHARY NAYLOR

                                                  _____
                                                      A. ZACHARY NAYLOR

                                                  One Rodney Square
                                                  P.O. Box 1035
                                                  Wilmington, DE 19899
                                                  Telephone: (302) 656-2500
                                                  Facsimile:  (302) 656-9053

                                                  Liaison Counsel for Plaintiffs

                                                  ROBBINS UMEDA & FINK, LLP
                                                  BRIAN J. ROBBINS
                                                  JEFFREY P. FINK
                                                  CAROLINE A. SCHNURER
                                                  610 West Ash Street, Suite 1800
                                                  San Diego, CA  92101
                                                  Telephone: (619) 525-3990
                                                  Facsimile:  (619) 525-3991

                                                  PASKOWITZ & ASSOCIATES
                                                  LAURENCE PASKOWITZ
                                                  60 East 42nd Street, 46th Floor
                                                  New York, NY 10165
                                                  Telephone: (212) 685-0969
                                                  Facsimile:  (212) 685-2306

                                                  ROY L. JACOBS
                                                  ROY JACOBS & ASSOCIATES

60 East 42nd Street, 46th Floor
New York, NY 10165
Telephone: (212) 867-1156
Facsimile:  (212) 504-8343

Co-Lead Counsel for Plaintiffs