IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
IN RE MBNA CORPORATION    :
DERIVATIVE AND CLASS       :     Lead Case No. 1:05-cv-00327-
LITIGATION                  :     GMS

This Document Relates To:    :
ALL ACTIONS.              :     CLASS AND DERIVATIVE
                            :     ACTION
------------------------------------------------------x

## THE OUTSIDE DIRECTOR DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OR REARGUMENT

Edward P. Welch (I.D. # 671)
Edward B. Micheletti (I.D. # 3794)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
Attorneys for the MBNA
Outside Director Defendants

Of Counsel:
Jay B. Kasner
Susan L. Saltzstein
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

DATED: July 26, 2007

# TABLE OF CONTENTS

**Page**

TABLE OF CASES AND AUTHORITIES ................................................................................. i

PRELIMINARY STATEMENT .................................................................................................1

ARGUMENT..............................................................................................................................3

I.    PLAINTIFFS' MOTION FOR RECONSIDERATION OR
      REARGUMENT  SHOULD BE DENIED..........................................................................3

      A.    The Court Properly Dismissed The Entire Action As Against The
            *Outside Directors.*.......................................................................................................4

      B.    The Court Did Not Misunderstand Or Ignore Any Of Plaintiffs'
            Arguments Relating To Subject Matter Jurisdiction. ...............................................6

      C.    The Court Did Not Err By Failing To Grant Leave To Amend The
            Consolidated Amended Complaint; No Such Motion Was Ever
            Made. .........................................................................................................................9

            1.    Plaintiffs never sought leave to amend, and the Court
                  should not now permit them leave to file such a motion. ...........................10

            2.    The draft second amended complaint, which was attached
                  to Plaintiffs' sur-reply brief, provides further evidence that
                  dismissal of this action on subject matter jurisdiction
                  grounds was proper. ...................................................................................12

            3.    Plaintiffs' rehashed and belated arguments about diversity
                  jurisdiction are without merit.....................................................................14

II.   EVEN IF THE COURT WERE TO REVERSE COURSE AND FIND
      THAT SUBJECT MATTER JURISDICTION DOES EXIST OVER THE
      STATE LAW CLAIMS, THE CONSOLIDATED AMENDED
      COMPLAINT SHOULD STILL BE DISMISSED AGAINST THE
      OUTSIDE DIRECTORS FOR FAILURE TO STATE A CLAIM. ...................................17

CONCLUSION..........................................................................................................................20

## TABLE OF CASES AND AUTHORITIES

<u>**CASES**</u>                                                                                     <u>**PAGE**</u>

*Agostino Ferrari, S.A. v. Antonacci,*
   858 F. Supp. 478 (E.D. Pa. 1994) ................................................................15

*Beam v. Stewart,*
   845 A.2d 1040 (Del. 2004) ......................................................................18

*Berkshire Fashions, Inc. v. M.V. Hakusan II,*
   954 F.2d 874 (3d Cir. 1992).....................................................................15

*Brambles USA, Inc. v. Blocker,*
   735 F. Supp. 1239 (D. Del. 1990).................................................................1

*Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire,*
   173 F.3d 909 (3d Cir. 1999).....................................................................15

*Century Nat'l Bank v. Makkar,*
   751 A.2d 1 (Md. Ct. Spec. App. 2000) ........................................................19

*Danielewicz v. Arnold,*
   769 A.2d 274, 281-82 (Md. Ct. Spec. App. 2001) ........................................2

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.,*
   42 F. Supp. 2d 385 (D. Del. 1999)....................................................3, 8, 15

*In re Digital Island Sec. Litig.,*
   C.A. No. 02-57-GMS, 2002 WL 31667863 (D. Del. Nov. 25, 2002),
   *aff'd,* 357 F.3d 322 (3d Cir. 2004) ...........................................1, 2, 11, 12, 14

*Doe v. Liberatore,*
   78 F. Supp. 2d 742 (M.D. Pa. 2007) ...........................................................8

*Galati v. Commerce Bancorp, Inc.,*
   No. 04-CV-03252, 2007 WL 934893 (3d Cir. 2007) ....................................12

*Gilley v. Kiddel,*
   65 N.E.2d 262 (Ill. App. Ct. 2007) .............................................................16

*Gorokhovsky v. Edwards,*
   No. 02-0836, 2003 WL 115323 (Wis. App. Jan. 14, 2003)....................15, 16

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*
   45 U.S. 308 (2005)..................................................................................9

*Hudson v. Prime Retail, Inc.,*
C.A. No. 24-C-03-5806, 2004 WL 1982383 (Md. Cir. Ct. Apr. 1,
2004) ...................................................................................................18, 19, 20

*Jarbough v. Attorney General of the United States,*
483 F.3d 184 (3d Cir. 2007)..................................................................14

*Johnson v. Manhattan Ry.,*
289 U.S. 479 (1933)................................................................................15

*Kavanagh v. Keiper Recaro Seating, Inc.,*
C.A. No. 98-556-JJF, 2003 WL 22939281 (D. Del. July 24, 2003)..............................3

*In re Litig. Trust of MDIP, Inc.,*
No. Civ. A. 03-779(GMS), 2005 WL 1242157 (D. Del. May 25, 2005) ......5, 7, 13, 14

*Menard v. Bd. of Trustees of Loyola Univ.,*
C.A. No. 04-112, 2004 WL 574727 (E.D. La. Mar. 22, 2004).....................................5

*Nanavati v. Burdette Tomlin Mem'l Hosp.,*
857 F.2d 96 (3d Cir. 1988).........................................................................8

*Oliver v. Donovan,*
293 F. Supp. 958 (E.D.N.Y. 1968) ........................................................5, 13

*PNC Bank, N.A. v. PPL Elec. Utils. Corp.,*
189 Fed. Appx. 101 (3d Cir. 2006).............................................................9

*Poling v. K. Hovnanian Enters.,*
99 F. Supp. 2d 502 (D.N.J. 2000) ............................................................16

*Ranke v. Sanofi-Synthelabo Inc.,*
436 F.3d 197 (3d Cir. 2006).......................................................................12

*Srein v. Nat'l Legal Research Group, Inc.,*
C.A. No. 02-1164, 2002 WL 31819638
(E.D. Pa. Dec. 16, 2002) ...........................................................................15

*S. Freedman & Co. v. Raab,*
180 Fed. Appx. 316 (3d Cir. 2006).......................................................14, 16

*Stroud v. Grace,*
606 A.2d 75 (Del. 1992) .............................................................................9

*Sussex County Senior Servs. v. Carl J. Williams & Sons, Inc.*,
    C.A. No. 99-473-GMS, 2000 WL 1726527 (D. Del. Mar. 31, 2000) ..........................3

*In re Telecommunications, Inc.*,
    C.A. No. 16470-NC, 2003 WL 21543427 (Del. Ch. July 7, 2003) ............................15

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966).............................................................................................5

*Werbowsky v. Collomb*,
    766 A.2d 123 (Md. 2001) ....................................................................................18

## AUTHORITIES

    Fed. R. Civ. P. 12(h)(3)...........................................................................................5

    Md. Code Ann., Corps. & Ass'ns § 2-405.2 .....................................................19

    15 U.S.C. § 78j(b)....................................................................................................4

    28 U.S.C. § 1401......................................................................................................16

# PRELIMINARY STATEMENT

Plaintiffs' motion for reconsideration and reargument (D.I. 76) should be denied. None of Plaintiffs' grievances with the Court's well-reasoned Opinion (D.I. 75) dismissing this action on subject matter jurisdiction grounds are evidence of clear error, patent confusion or any of the other extreme prerequisites that warrant approval of a motion for reconsideration or reargument. In fact, many of Plaintiffs' criticisms – that the Court "misunderstood" its arguments or "overlooked" certain allegations related to subject matter jurisdiction – are thinly veiled attempts at rehashing old arguments that the Court has already expressly considered and found wanting. In many respects, Plaintiffs are attempting to treat the Court's opinion as a "'first draft, subject to revision and reconsideration at [Plaintiffs'] pleasure,'" an approach this Court does not, and should not, condone. *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990) (citation omitted).

Perhaps recognizing that recycling once-rejected arguments is not a persuasive approach, Plaintiffs also contend that the Court erred by "overlooking" their motion for leave to amend to add additional counts in an effort to establish jurisdiction. This contention, however, is disingenuous – upon a closer read of Plaintiffs' sur-reply (D.I. 60), it becomes apparent that *Plaintiffs never moved for leave to amend before the Court issued its Opinion.* Indeed, Plaintiffs made a tactical decision not to seek leave to amend the Consolidated Amended Complaint (D.I. 31) because – as they explained in their sur-reply brief – they did not want to engage in "further motion practice" they believed would "substantially delay this action." The Court should not rescue Plaintiffs from their own tactical decision not to seek leave to amend. *See, e.g., In re Digital Island*

*Sec. Litig.*, C.A. No. 02-57-GMS, 2002 WL 31667863, at *2 n. 4 (D. Del. Nov. 25, 2002) (denying motion for leave to amend after motion to dismiss was granted, noting that "[t]his tactical decision [not to file a motion earlier] was clearly within [plaintiffs'] discretion. However, having chosen not to ask for alternative relief, they cannot now be heard to complain about the consequences of their actions."), *aff'd*, 357 F.3d 322 (3d Cir. 2004).

Moreover, Plaintiffs' motion for reconsideration, even if granted, does not provide any explanation for how Plaintiffs will overcome the many other significant hurdles posed by the Outside Directors' motion to dismiss (D.I. 42). By way of example, breach of fiduciary duty claims under Maryland law (which controls the fiduciary duty claims raised here, because MBNA is a Maryland corporation) are considered derivative in nature. Thus, MBNA's merger with Bank of America ("BAC"), which closed on January 1, 2006, extinguished Plaintiffs' standing to pursue derivative claims against the Outside Directors. *See, e.g., Danielewicz v. Arnold*, 769 A.2d 274, 281-82 (Md. Ct. Spec. App. 2001). Plaintiffs have not offered, nor could they, any explanation for how, even if their motion for reconsideration were granted, they could overcome this black-letter principle of corporation law.

For these reasons, and as expressed further below, Plaintiffs' motion for reconsideration and reargument should be denied.

2

**ARGUMENT**

I.    **PLAINTIFFS' MOTION FOR RECONSIDERATION OR REARGUMENT SHOULD BE DENIED.**

This Court has made clear that motions for reconsideration "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court.'" *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999) (denying motion for reargument or reconsideration) (citations omitted). For these reasons, motions for reargument or reconsideration are "granted sparingly," and only under certain extreme circumstances, such as those involving a clear legal error by the Court (that results in manifest injustice), or where the Court has "patently misunderstood" an argument. *See, e.g., Kavanagh v. Keiper Recaro Seating, Inc.*, C.A. No. 98-556-JJF, 2003 WL 22939281, at *1 (D. Del. July 24, 2003) (denying plaintiff's motion for reargument); *Sussex County Senior Servs. v. Carl J. Williams & Sons, Inc.*, C.A. No. 99-473-GMS, 2000 WL 1726527, at *1 (D. Del. Mar. 31, 2000) (denying motion for reconsideration of decision to grant motion to dismiss on ground that the court did not commit legal error).

Here, Plaintiffs contend that reconsideration of the Court's well-reasoned Opinion is warranted for three reasons. First, Plaintiffs argue that the Court erred by dismissing the entire action, including a claim for contribution premised on the federal securities laws, for lack of subject matter jurisdiction. (Motion at 6-7.) Second, Plaintiffs contend that the Court either "misunderstood" or ignored the arguments about subject matter jurisdiction that they raised in their sur-reply papers. (Motion at 7-9.) Finally, Plaintiffs contend that the Court erred because it "overlooked" their request for leave to amend the Consolidated Amended Complaint to add new federal counts against the

3

Outside Directors, as well as additional allegations relating to diversity jurisdiction. (Motion at 10-15.)  As explained further below, each of these contentions is without merit, and Plaintiffs' motion for reconsideration should be denied.

A.    **The Court Properly Dismissed The Entire Action As Against The Outside Directors.**

Plaintiffs contend that the Court erred when it dismissed the Consolidated Amended Complaint in its entirety, because the Court did not have the authority to dismiss Count I, which purports to state a federal claim for contribution pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b).  (Motion at 6-7.)  To the extent Plaintiffs intend to suggest that it was legal error for the Court to dismiss the entire action *as to the Outside Directors* for lack of subject matter jurisdiction, Plaintiffs have it wrong.

Count I of the Consolidated Amended Complaint names only certain *inside* directors as defendants.  (Motion at 7.)  The Outside Director Defendants were named as defendants in only seven of the ten state law counts (Counts II through XI of the Consolidated Amended Complaint), which raise Maryland state law fiduciary duty claims.  In raising their subject matter jurisdiction defense, the Outside Directors respectfully requested the Court to dismiss the entire action *as to them* on subject matter jurisdiction grounds.  (Reply at 3-4 (D.I. 49) ("At a minimum, *the state law claims against the Outside Directors relating to the BAC Merger should be dismissed*, as Plaintiffs have not shown, nor could they show, any nexus between the issues underlying those claims and the issues underlying the lone federal claim.") (emphasis added)); (*see also* Reply to Sur-Reply at 1 (D.I. 65) (asking for dismissal of claims against Outside Directors, because "this Court does not have subject matter jurisdiction *over Plaintiffs'*

4

*state law claims*") (emphasis added)).  Thus, the focus of the Outside Directors' motion to dismiss on subject matter jurisdiction grounds was on *the state law claims*.

For this reason, the two cases principally relied on by the Court for dismissal of this action on subject matter jurisdiction grounds squarely support dismissal of all of the *state law claims* raised against the Outside Directors.  *See, e.g., In re Litig. Trust of MDIP Inc.,* No. Civ. A. 03-779(GMS), 2005 WL 1242157, at * 5 (D. Del. May 25, 2005) (refusing to extend supplemental jurisdiction over state law claims that "substantially predominate" over federal law claim); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed.").

Thus, the Court properly dismissed the entire action as to the Outside Director Defendants on subject matter jurisdiction grounds.[1]

---

[1]   That the Court also dismissed Count I – even as to the inside directors expressly named as defendants in Count I – is not a "manifest error," as Plaintiffs suggest. (Motion at 6, 5 n.3.) *See, e.g., Menard v. Bd. of Trustees of Loyola Univ.*, C.A. No. 04-112, 2004 WL 574727, at *1 (E.D. La. Mar. 22, 2004) (dismissing federal claims on subject matter grounds, and stating that "a federal district court may dismiss the suit for lack of subject matter jurisdiction if it finds '(1) that the federal claim is immaterial and made solely for the purpose of obtaining jurisdiction, or (2) that the federal claim is wholly insubstantial and frivolous'") (quoting *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 449 (5th Cir. 1983)); *see also Oliver v. Donovan*, 293 F. Supp. 958, 967 (E.D.N.Y. 1968) (dismissing federal claim on subject matter grounds, stating that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim ... clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction") (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action.").

**B.     The Court Did Not Misunderstand Or Ignore Any Of Plaintiffs' Arguments Relating To Subject Matter Jurisdiction.**

Next, Plaintiffs contend that the Court "patently misunderstood" their arguments about extending supplemental jurisdiction over the ten state law counts, on the ground that the Opinion contained an "incomplete rendering" of their arguments. (Motion at 7-8.)  Plaintiffs also suggest that the Court "overlooked" their argument that the state law disclosure claims raised in Count XI of the Consolidated Amended Complaint gave rise to what Plaintiffs characterize as "implied" federal question jurisdiction.  Plaintiffs are wrong on both accounts.

*First*, it is clear from the Opinion that the Court thoroughly considered *all* of Plaintiffs' allegations and arguments related to the Outside Directors' subject matter jurisdiction defense.  The Court specifically explained on page 2 of its Opinion that it had "reviewed the parties' submissions and relevant case law" (Op. at 2), and that it had "afforded the parties an opportunity to address the subject matter jurisdiction issue" through sur-reply briefing.  (Op. at 2 n.4)  Moreover, the Opinion contains a thorough analysis of the Court's decision to dismiss the Consolidated Amended Complaint on subject matter jurisdiction grounds.

For example, as to Plaintiffs' argument that there is a connection between Count I (the lone federal contribution claim) and Counts II-XI (the ten state law claims), the Court fully considered and expressly addressed this argument, and found it wanting. (Op. at 8-10)  As to Plaintiffs' claim that the BAC Merger was motivated by the alleged disclosure issues raised by Count I of the Consolidated Amended Complaint, the Court held that:

> The plaintiffs argue that the federal claim they assert is sufficiently intertwined with all claims asserted, because the material misstatements

6

and omission which underlie the federal claim led to MBNA's stock price being artificially inflated, which in turn allowed the merger between MBNA and BAC to occur, which ultimately caused the merger price to be less than fair value. *However, the Court concludes that this alleged connection between the federal claim and the state claims, even if true, is far too attenuated to form the basis for federal subject matter jurisdiction. Put another way, the plaintiffs have not adequately explained how events relating to the BAC merger … are interrelated with claims relating to disclosures and statements made by defendants.*

(Op. at 8) (emphasis added). As to whether the state law claims "substantially predominated" over the lone federal claim, the Court explained that "[t]he plaintiffs' claim for federal subject matter jurisdiction hing[es] on a single federal claim that bears only a distant and tangential relationship to the state law claims." (Op. at 8) The Court went on to remark that "ten of the amended complaint's eleven counts focus almost exclusively on state law breach of fiduciary claims, with no connection between these state law claims and the federal claim apparent to the Court." (Op. at 9) Ultimately, the Court concluded that:

> The amended complaint is comprised almost entirely of state law issues that bear no discernable relationship to the contribution claim, *and the plaintiffs present no persuasive reason for the court to use its discretionary power to exercise supplemental jurisdiction in this case.*

(Op. at 10) (emphasis added).

Thus, having found that the state law claims "substantially predominate" over the federal claim, the Court properly declined to extend its supplemental jurisdiction over the state law claims and dismissed the action for lack of subject matter jurisdiction.[2] (Op. at 9-10) The Opinion makes clear that the Court expressly considered and

---

[2]    In fact, having found that the state law claims "substantially predominate" over the federal claim, the Court need not even determine – as Plaintiffs suggest it must – whether the state law claims are so related to the federal claim that they form part of the same case or controversy. *See, e.g., Litig. Trust of MDIP*, 2005 WL 1242157, at *5 (quoting 28 U.S.C. § 1367(c)(2)).

addressed the parties' arguments about subject matter jurisdiction, and properly dismissed the Complaint as against the Outside Director Defendants on this basis.[3]

*Second*, there is little doubt that the Court considered Plaintiffs' "implied federal question argument." The argument that appears at pages 9 and 10 of the motion for reconsideration is *the exact same argument* Plaintiffs raised in their sur-reply papers, which the Court considered and rejected when it issued its Opinion. (Op. at 2 n.4) Plaintiffs should not be permitted to rehash the same argument in this motion. *See, e.g., Dentsply,* 42 F. Supp. 2d at 419 (motions for reconsideration "should not be used to rehash arguments already briefed").

Plaintiffs' implied federal question argument is also entirely without merit. As the Outside Directors explained in their reply to Plaintiffs' sur-reply brief (Reply to Sur- Reply at 4 n.3), the only count in the Amended Complaint that explicitly raises disclosure claims – Count XI – makes clear that the disclosure claims are premised on *state law fiduciary duty grounds.* (Am. Compl. ¶ 189 ("[E]ach of the Defendants named herein breached their fiduciary duty of full disclosure and complete candor.")) It is (at best) inaccurate to suggest that federal law is exclusively invoked any time a corporate official, such as Mr. Hammonds, communicates with the public. (Sur-Reply at 9) A director's "duty of disclosure" is a well-recognized concept of state corporation law. *See,*

---

[3] Plaintiffs' reliance on the decisions in *Nanavati v. Burdette Tomlin Memorial Hospital,* 857 F.2d 96, 105-06 (3d Cir. 1988), and *Doe v. Liberatore,* 478 F. Supp. 2d 742,757 (M.D. Pa. 2007), is misplaced. In *Nanavati,* the court held that the federal claim was "a critical background fact . . . common to all claims." *Id.* In *Doe,* the Court held that a federal sexual abuse claim against one priest was based on the same facts as state law sexual abuse claims against a different priest, and the diocese at which they were both employed. Here, this Court has already properly decided that the federal contribution claim is neither critical, nor common to the state law claims, which "bear no discernable relationship to the contribution claim. . ." (Op. at 10) As the Court in *Nanavati* aptly held, "like unhappy families, no two cases of supplemental jurisdiction are exactly alike." *Id.* at 105-06.

e.g., *Stroud v. Grace*, 606 A.2d 75, 84 (Del. 1992) (the duty of disclosure "represents

nothing more than the well-recognized proposition that directors of Delaware

corporations are under a fiduciary duty to disclose fully and fairly all material

information within the board's control when it seeks shareholder action").

Further, *Grable & Sons Metal Products, Inc. v. Darue Engineering &

Manufacturing*, 545 U.S. 308, 315 (2005) – the decision Plaintiffs rely on to make their

"implied federal question jurisdiction" argument – is readily distinguishable from this

case. *Grable* does not suggest in any way that state law fiduciary disclosure claims

implicitly raise issues of federal law. Rather, *Grable* stands only for the proposition that

"[t]he meaning of *the federal tax provision is an important issue of federal law* that

sensibly belongs in a federal Court." *Grable*, 545 U.S. at 315 (emphasis added).

Plaintiffs reliance on *PNC Bank, N.A. v. PPL Electric Utilities. Corp.*, 189 Fed. Appx.

101, 104 n.3 (3d Cir. 2006), is similarly misplaced, as it also relates to the interpretation

of a section of the *federal internal revenue code.*

For these reasons, it is clear that the Court considered all of Plaintiffs'

arguments related to subject matter jurisdiction, and found them wanting. Thus, the

motion for reargument or reconsideration should be denied.

**C.    The Court Did Not Err By Failing To Grant Leave To Amend The
        Consolidated Amended Complaint; No Such Motion Was Ever Made.**

As explained above, it is clear that the Court considered all of Plaintiffs'

arguments about subject matter jurisdiction before rendering the Opinion. Perhaps

realizing their attempt to rehash their (previously rejected) jurisdictional arguments

would prove unfruitful, Plaintiffs tried another approach – arguing that the Court

"overlooked" their request for leave to amend the Amended Complaint and committed

9

legal error in doing so.  As explained below, this contention is both disingenuous and without merit.

### 1.    Plaintiffs never sought leave to amend, and the Court should not now permit them leave to file such a motion.

Plaintiffs' assertion that the Court erred when it "overlooked" their request for leave to file a Second Consolidated Amended Complaint is disingenuous and based on revisionist procedural history.  (Motion at 10.)  Put plainly, the Court could not have overlooked the request for leave to amend *because no such request was ever made.*

Plaintiffs have done their best to confuse the issue, going so far as to attach a draft second amended complaint to their sur-reply brief to give the Court and the parties the impression that a motion for leave to amend had in fact been, or was about to be, filed.  Though Plaintiffs state in their motion for reconsideration that they "affirmatively sought leave to re-plead to assert additional federal claims ... and to clarify that *Benoit* rested on diversity jurisdiction," the reality is that in their sur-reply brief – filed more than six months ago – Plaintiffs told the Court something different.  Plaintiffs represented to the Court that despite having attached the draft second amended complaint to their sur-reply brief, they "***do not now move to re-plead*. . . .**" (Sur-Reply at 13 (emphasis added))

Indeed, Plaintiffs made a tactical decision not to seek leave to amend the Consolidated Amended Complaint, because – as they explained in their sur-reply brief – they did not want to engage in "further motion practice" that they believed would "substantially delay this action."  (Sur-Reply at 13)  Instead, in order to hedge their bets, Plaintiffs attached a hypothetical second amended complaint to their sur-reply brief that, according to Plaintiffs, was intended to provide the parties and the Court with some idea

of what Plaintiff could *potentially* file at some future time, if they decided to move for leave to amend. (Sur-Reply at 13 n.15) ("Although Plaintiffs are not required to submit an amended complaint *until they move to amend or are granted leave to amend*, for the Court's convenience a draft amended complaint . . . is submitted herewith. . . . ") (emphasis added).

Thus, Plaintiffs' suggestion in their motion for reconsideration that they "had no opportunity to amend [the complaint] to address any [defects] that the Court might find" is entirely misleading. (Motion at 10)  Plaintiffs clearly had a chance to amend, but chose not to take it.[4]  Such tactics should not be construed by the Court as something tantamount to a motion for leave to amend – and certainly not a motion that the Court "overlooked" – especially when Plaintiffs expressly represented to the Court in their sur-reply brief that they "do not now move to re-plead." (Sur-Reply at 13)  *See, e.g., Digital Island*, 2002 WL 31667863, at *2 ("Had the Plaintiffs been as interested in amending as they claim to have been, the appropriate response would have been a request for leave to amend, *before* the court dismissed their case.  The court does not, and will not, make its decisions based on covert 'signals' from counsel.") (footnote omitted).

Put simply, Plaintiffs should not be permitted to further burden the Court or the Outside Directors because, in hindsight, they regret their decision not to seek leave to amend before the Court dismissed their complaint. *See, e.g., Digital Island*, 2002 WL 31667863, at *1 ("When faced with the defendants' motion to dismiss, the plaintiffs would have been well within their rights to request leave to amend.  Instead, they chose

---

[4]  Plaintiffs' choice not to amend was clearly a strategic one, not an omission or inadvertence, as they now contend.

11

to oppose the motion, in its entirety, without seeking such relief.  Such an approach is

highly suspect as the plaintiffs were aware of the facts which they now seek to add at the

time the original pleading was filed.  Thus, there is no excuse for failure to plead them

before the case was dismissed."); *Galati v. Commerce Bancorp, Inc.*, No. 04-CV-03252,

2007 WL 934893, at *3 (3d Cir. Mar. 29, 2007) (finding that where plaintiffs did not file

a motion to amend before the complaint was dismissed, the district court's decision to

dismiss the complaint without granting plaintiffs leave to amend was not an abuse of

discretion); *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 206 (3d Cir. 2006) (upholding

District Court decision denying leave to amend a complaint and stating that "[i]f

appellants had been in possession of facts that would have augmented their complaint and

possibly avoided dismissal, they should have pled those facts in the first instance").[5]

> **2.    The draft second amended complaint, which was attached to Plaintiffs' sur-reply brief, provides further evidence that dismissal of this action on subject matter jurisdiction grounds was proper.**

To the extent the Court even considers it, the very existence of the draft

second amended complaint supports dismissal on subject matter jurisdiction grounds.

*See, e.g., Oliver*, 293 F. Supp. at 967 ("'[A] suit may sometimes be dismissed for want of

---

[5]    Further, it is important to note that Plaintiffs have *still* not properly moved for leave to amend.  The present motion (i) is styled as a motion for reargument or reconsideration – not a leave to amend; (ii) presumes that request for leave already has been made, which it has not; and (iii) does not include the attachments required by Local Rule 15.1 to be filed with a motion for leave to amend.  The Third Circuit has on a number of occasions upheld District Court decisions denying leave to amend a complaint where plaintiffs did not properly file a motion to amend.  *See, e.g., Galati*, 2007 WL 934893, at *3; *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 206 (3d Cir. 2006).  The Court should deny Plaintiffs' improper and informal attempts to do so retroactively here.  In fact, it is procedurally improper – not to say, presumptuous – for Plaintiffs to raise arguments on this motion for reconsideration in support of a motion for leave to amend that the Court has not yet given them permission to file, and which they have not yet even properly submitted to the Court for approval.

jurisdiction where the alleged claim … clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction.'") (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).  The new federal disclosure claims referenced in the draft second amended complaint were a transparent, last-ditch effort to have the Court retain subject matter jurisdiction over this proceeding.  Plaintiffs all but admitted this point in their sur-reply brief by explaining that, although they were "not required to submit an amended complaint until they move to amend," they attached a draft amended complaint "for the Court's convenience" to show the Court and the other parties that they could assert "further bases for subject matter jurisdiction."  (Sur-Reply at 13 n.15)

More importantly, the new federal disclosure claims Plaintiffs seek to add do not alter the fact that state law claims related to the BAC Merger are at the heart of the lawsuit against the Outside Directors.  Beyond adding three new federal disclosure counts – which constitute only a handful of paragraphs of the 72-page tome – the proposed amended complaint is utterly unchanged.  There is not a single new allegation of fact.  In other words, the state law claims still substantially predominate over the federal law claims.  In *Litigation Trust*, the Court refused to "permit the tail to wag the dog," and refused to exercise supplemental jurisdiction over state law claims that "substantially predominate over the federal law claim."  *In re Litig. Trust of MDIP, Inc.*, C.A. No. 03-779-GMS, 2005 WL 1242157, at *5 (D. Del. May 25, 2005) (Sleet, J.).

Though it is true that four federal claims out of thirteen counts sounds better than one federal claim out of ten counts, the Court – to the extent it considers a proposed second amended complaint at all – should not allow Plaintiffs to elevate form over substance.  *See Jarbough v. Attorney General of the United States*, 483 F.3d 184,

189 (3d Cir. 2007) ("We are not bound by the label attached by a party to characterize a claim and will look beyond the label to analyze the substance of a claim. To do otherwise would elevate form over substance and would put a premium on artful labeling. Accordingly, artful labeling will not confer us with jurisdiction.") (citations omitted).

### 3.    Plaintiffs' rehashed and belated arguments about diversity jurisdiction are without merit.

Plaintiffs' arguments about diversity jurisdiction are equally unpersuasive. First, the Court already had the opportunity to consider Plaintiffs' argument about diversity jurisdiction – raised for the first time in their sur-reply brief (Sur-Reply at 8-9) – that the diversity allegations contained in the original *Benoit* complaint should be imputed to the Consolidated Amended Complaint. Indeed, the Court squarely held that "since the plaintiffs *failed to affirmatively and distinctly assert diversity jurisdiction in their amended complaint*, the plaintiffs cannot now assert diversity as a possible basis for subject matter jurisdiction." (Op. at 10 n.9 (D.I. 43), citing *S. Freedman & Co. v. Raab*, 180 Fed. Appx. 316, 320 (3d Cir. 2006) ("It is well established that the 'basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.'") (citation omitted).) Plaintiffs should not be permitted to rehash the same argument on this motion for reconsideration. *See, e.g., Dentsply,* 42 F. Supp. 2d at 419 (motions for reconsideration "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court'") (citation omitted).[6]

---

[6]    Plaintiffs rely on a number of inapposite cases to support the reasons why they should be able to assert new claims that allegedly would confer subject matter jurisdiction. *Berkshire Fashions, Inc. v. M.V. Hakusan I* principally addresses questions concerning the breadth of the federal Court's admiralty jurisdiction and allows plaintiffs to amend because they did not

*(cont'd)*

Moreover, Plaintiffs' argument about diversity jurisdiction fails to acknowledge that in addition to consolidating the original three lawsuits, Plaintiffs *also* took the further affirmative step of amending their pleadings and filing the Consolidated Amended Complaint.[7] Had they wanted to amend their pleading to add additional jurisdictional arguments, they could have done so when they filed the Consolidated Amended Complaint. Instead, Plaintiffs abandoned their previous arguments, including their previously stated grounds for jurisdiction. Once an action is consolidated, and plaintiffs have filed a consolidated amended complaint, "the Court considers only the allegations in the Consolidated Amended Complaint." *In re Telecommunications, Inc.*, C.A. No. 16470-NC, 2003 WL 21543427, at *1 (Del. Ch. July 7, 2003); *see also Gorokhovsky v. Edwards*, No. 02-0836, 2003 WL 115323, at *2 (Wis. App. Jan. 14, 2003) (dismissing claims because the third amended complaint failed to incorporate the allegations of plaintiff's previous complaints, stating that "when the amended complaint makes no reference to the original complaint and incorporates by reference no part of the original complaint, no part of the original complaint survives"); *Gilley v. Kiddel*, 865 N.E.2d 262, 274 (Ill. App. Ct. 2007) (affirming dismissal of complaint by lower court,

---

*(cont'd from previous page)*
    delay. 954 F.2d 874, 887 (3d Cir. 1992). Likewise, *Srein v. National Legal Research Group, Inc*, actually dismisses a complaint for failing to specifically plead diversity. C.A. No. 02-1164, 2002 WL 31819638, at *2 (E.D. Pa. Dec. 16, 2002). Finally, *Agostino Ferrari, S.A. v. Antonacci* not only dismissed a complaint because diversity jurisdiction did not apply, the Court also refused to allow the plaintiffs to amend the complaint because of undue delay. 858 F. Supp. 478, 480-481 (E.D. Pa. 1994).

[7]   For this reason, the cases relied on by Plaintiffs for the invocation of diversity jurisdiction are inapposite. *See, e.g., Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 913 (3d Cir. 1999) (holding, in case where no amended consolidated complaint was filed, that original consolidated complaints could be analyzed separately for jurisdictional purposes); *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933) (finding, in case where no amended consolidated complaint was filed, that cases consolidated over plaintiffs' objections could be analyzed separately for jurisdictional purposes).

stating that "when an amendment is filed that is complete in itself and that does not refer to or adopt by reference the prior pleadings, the earlier pleadings are effectively withdrawn and cease to be a part of the record for most purposes").[8]

Further, as the Outside Directors previously argued in their reply to Plaintiffs' sur-reply brief (Reply to Sur-Reply at 5 n.4), allowing Plaintiffs to amend to allege diversity likely would be futile as there is significant doubt as to whether Plaintiffs could establish diversity jurisdiction given that MBNA was a citizen of both Maryland (where it is incorporated) and Delaware (where its principal place of business is located), and at least one of the defendants was a Delaware resident. *See, e.g., Raab*, 180 Fed. Appx. at 320 (for purposes of diversity jurisdiction, a corporation is a resident of the states of its incorporation and its principal place of business). Under 28 *U.S.C.* § 1401, an action brought by a stockholder on behalf of a corporation may be prosecuted in any judicial district where the corporation might have sued the same defendants. Thus, because at least one, and perhaps more, of the individual defendants is a resident of Delaware, Plaintiffs cannot establish that diversity exists here. This likely explains why Plaintiffs made no mention of diversity jurisdiction in the Consolidated Amended

---

[8]    Similarly, it is worth noting that even in their proposed second amended complaint, Plaintiffs fail to affirmatively plead facts that would allow the Court to determine whether complete diversity exists. *See, e.g., Poling v. K. Hovnanian Enters.*, 99 F.Supp. 2d 502 (D.N.J. 2000) (citing *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. Ins. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)) ("In order to state subject matter jurisdiction on the basis of diversity of the parties, plaintiffs must affirmatively plead the citizenship of the individual defendants.").

16

Complaint, and why their hypothetical amended complaint does not expressly set forth the residency of all parties to the action.[9]

## II.    EVEN IF THE COURT WERE TO REVERSE COURSE AND FIND THAT SUBJECT MATTER JURISDICTION DOES EXIST OVER THE STATE LAW CLAIMS, THE CONSOLIDATED AMENDED COMPLAINT SHOULD STILL BE DISMISSED AGAINST THE OUTSIDE DIRECTORS FOR FAILURE TO STATE A CLAIM.

Even if the Court reconsiders the conclusions it reached about subject matter jurisdiction in its well-reasoned Opinion dismissing this action, there are still several powerful reasons why this case should be dismissed as to the Outside Directors. These reasons are set forth in full detail in the briefing in support of the Outside Directors' motion to dismiss, and include the following points:

*First*, breach of fiduciary duty claims under Maryland law are considered derivative in nature, and, therefore, the BAC Merger, which closed on January 1, 2006, extinguished Plaintiffs' standing to pursue derivative claims against the Outside Directors. (Op. Br. at 13-14, citing *Danielewicz,* 769 A.2d at 281-82). Thus, all claims should be dismissed on standing grounds.

*Second*, Plaintiffs' claims should be dismissed for failure to make a "demand" upon the MBNA board of directors. Stockholders wishing to pursue derivative actions under Maryland law must meet a rigorous standard that recognizes futility only as "a very limited exception" to the requirement that demand first be made on the board. *Werbowsky v. Collomb*, 766 A.2d 123, 144 (Md. 2001). (Op. Br. at 16, citing *Pogostin v.*

---

[9]    To the extent that the Court is willing to entertain Plaintiffs' request for leave to amend, the Outside Directors respectfully request the opportunity to formally submit a brief in opposition to such a motion.

17

*Rice*, C.A. No. 6235, 1983 WL 17985, at *3 (Del. Ch. Aug. 12, 1983) (dismissing complaint where "Plaintiffs did not allege any facts," particularized or otherwise, that established that demand on the board was futile), *aff'd,* 480 A.2d 619 (Del. 1984); *see also Beam v. Stewart*, 845 A.2d 1040, 1049-50 (Del. 2004) (holding that to excuse pre-suit demand, "plaintiff has the burden to *plead particularized facts*" establishing demand futility) (emphasis added)).

> *Third,* the Outside Directors' conduct in pursuing and conducting merger negotiations more than satisfied their fiduciary duties as a matter of Maryland law. Indeed, not only are Plaintiffs' merger-related allegations focused almost exclusively on the "Insider Defendants" (*see, e.g,,* Amended Compl. ¶ 84 (contending that the BAC Merger was motivated in part by directors' purported desire to avoid liability in securities litigation that does not even name the Outside Directors as defendants)), but the criticisms Plaintiffs level against Defendants in general are the very kinds routinely rejected as bases for the merger-related claims Plaintiffs wish to pursue under Maryland law. (Op. Br. at 29, citing *Jasinover v. Rouse Co.*, C.A. No. 13-C-04-59594, 2004 WL 3135516, at *89 (Md. Cir. Ct. Nov. 4, 2004) ([T]he Board is free to lock up an attractive deal . . . *Maryland does not require an auction when the decision is made to sell a corporation.*") (emphasis added); *Hudson v. Prime Retail, Inc.*, C.A. No. 24-C-03-5806, 2004 WL 1982383, at *16 (Md. Cir. Ct. Apr. 1, 2004) (recognizing under Maryland law that directors have no duty to obtain highest value reasonably available for shareholders)).

> *Fourth*, Plaintiffs fail to adequately plead any breach of fiduciary duty claims under Section 2-405.1 of the Maryland Corporations and Associations Law, which states that "corporate directors [who] perform their duties (1) in good faith, (2) in a

18

manner [the director] reasonably believes to be in the best interests of the corporation,

and (3) with the care that an ordinarily prudent person in a like position would use under

similar circumstances . . . [have] no liability by reason of being or having been a director

of a corporation." *Hudson*, 2004 WL 1982383, at *11; (Op. Br. at 22, citing *Hudson*,

2004 WL 1982383, at *14 (dismissing breach of fiduciary duty claim because the

amended complaint contained conclusory allegations with no allegations of fact); *Century

Nat'l Bank v. Makkar*, 751 A.2d 1, 6 (Md. Ct. Spec. App. 2000) (affirming dismissal of

claims where no factual allegations were alleged, only "bare conclusory assertion[s]")).

      *Fifth*, MBNA's certificate of incorporation immunizes MBNA's directors

from any liability predicated on the kinds of claims Plaintiffs seek to pursue. *See* Md.

Code Ann., Corps. & Ass'ns § 2-405.2; (Op. Br. at 32-33, citing *Grill v. Hoblitzell*, 771 F.

Supp. 709, 712 (D. Md. 1991) (dismissing derivative action against directors of a

Maryland corporation pursuant to Maryland Corporate Code § 2-405.2)).

      *Sixth*, Plaintiffs' state law "holder claims" should be dismissed because

such claims are pre-empted by federal law. (Reply at 20, citing *Merrill Lynch, Pierce,

Fenner & Smith, Inc. v. Dabit*, C.A. No. 04-1371, 2006 WL 694137, at *8-10 (U.S. Mar.

21, 2006) (holding that the Securities Litigation Uniform Standards Act of 1998 was

intended to preempt state law class actions brought on behalf of a class of stockholders

that retain their shares in reliance on false and misleading statements; the fact that a

securities class action "is brought by holders [of securities] instead of purchasers or

sellers [of securities] . . . is irrelevant" for purposes of SLUSA preemption)).

      *Seventh*, all of Plaintiffs' merger-related claims should be dismissed on the

ground that MBNA shareholders, who were fully informed about the BAC Merger, have

ratified the MBNA board's actions in connection with the merger by overwhelmingly

voting in favor of the merger, effectively extinguishing Plaintiffs' claims against the

Outside Directors.  (Op. Br. at 35, citing *Wittman v. Crooke*, 707 A.2d 422, 425-26 (Md.

Ct. Spec. App. 1998) (dismissing merger-related claims, finding that defendants could

not be liable for acts ratified by the shareholders where defendants had made

shareholders aware of any interest they may have had in the transaction -- including that

defendants would be directors in the surviving company); *Hudson*, 2004 WL 1982383, at

*15-16 (affirming dismissal based on ratification, because "the process by which the

directors arrived at the merger consideration and allocation [was] disclosed in the proxy

materials" before shareholder vote)).

　　　　　For these reasons, the Outside Directors respectfully submit that even if

the Court found that it had subject matter jurisdiction over the state law claims raised

against the Outside Directors, the claims raised against the Outside Directors should

nevertheless be dismissed as a matter of law.

### CONCLUSION

　　　　　For the foregoing reasons, and the reasons expressed in their earlier

briefing, the Outside Directors respectfully request that the Court deny Plaintiffs' Motion

for Reconsideration or Reargument.

|  |  |
|---|---|
|  | */s/ Edward P. Welch* |
|  | Edward P. Welch (I.D. # 671) |
| Of Counsel: | Edward B. Micheletti (I.D. # 3794) |
| Jay B. Kasner | SKADDEN, ARPS, SLATE, |
| Susan L. Saltzstein | 　MEAGHER & FLOM LLP |
| SKADDEN, ARPS, SLATE, | One Rodney Square |
| 　MEAGHER & FLOM LLP | P.O. Box 636 |
| Four Times Square | Wilmington, Delaware  19899-0636 |
| New York, New York  10036-6522 | (302) 651-3000 |
| (212) 735-3000 | Attorneys for the MBNA |
| DATED:  July 26, 2007 | Outside Directors |

20