IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE MBNA CORPORATION<br>DERIVATIVE AND CLASS LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 1:05-cv-00327-GMS |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OR REARGUMENT

Defendants Bruce Hammonds, Kenneth Vecchione, Richard Struthers, John Cochran, III, Lance Weaver, Charles Krulak, Michael Rhodes, John Sheflen (collectively, the "Insider Defendants"), Randolph Lerner and Kenneth Lewis and Nominal Defendants Bank of America Corporation and MBNA Corporation submit this response in opposition to Plaintiffs' Motion for Reconsideration or Reargument of the Court's June 26, 2007 Memorandum and Order (D.I. 75) dismissing plaintiffs' Consolidated Amended Complaint pursuant to Federal Rule of Civil Procedure 12(h)(3).

To avoid unnecessary duplication, defendants hereby adopt the arguments set forth in the Outside Director Defendants' opposition to plaintiffs' motion and, for the reasons set forth therein, respectfully request that the motion be denied in its entirety. (*See* The Outside Director Defendants' Response in Opposition to Plaintiffs' Motion for Reconsideration or Reargument, dated July 26, 2007, D.I. 77.) Defendants submit this separate response to address plaintiffs' claim for contribution in Count I of the Consolidated Amended Complaint because that claim was not asserted against any of the Outside Director Defendants. Through their

contribution claim, plaintiffs contend that in the event that MBNA and any of the individual defendants are ultimately found liable for violating Section 10(b) in the related securities class action pending before this Court, *In re MBNA Corp. Securities Litigation*, No. 1:05-CV-00272-GMS (D. Del.) (hereafter, the "Securities Action"), then those individuals may be liable for contribution to MBNA. (*See* Compl. [D.I. 31] ¶¶ 114-26.)

    As an initial matter, plaintiffs can assert a viable claim for contribution against, at most, three of the eighteen individual defendants named in this action. As the Outside Director Defendants point out in their opposition, Plaintiffs have not asserted a contribution claim against any of the Outside Director Defendants. Nor have Plaintiffs asserted such a claim against Randolph Lerner or Kenneth Lewis. Of the eight so-called "Insider Defendants," three defendants—Lance Weaver, Michael Rhodes and John Sheflen—were *not* named as defendants in the Consolidated Amended Complaint filed in the Securities Action on December 12, 2005. (Securities Action D.I. 37.) As a result, no contribution claim can be asserted against those defendants. And the Court recently dismissed the predicate Section 10(b) claims asserted against two other Insider Defendants—Richard Struthers and John Cochran, III—in the Securities Action for failure to state a claim. (Securities Action D.I. 60.) Plaintiffs therefore cannot assert a contribution claim against those defendants either. That leaves only three Insider Defendants against whom plaintiffs even arguably can assert a claim for contribution—Bruce Hammonds, Kenneth Vecchione and Charles Krulak.

    Contrary to plaintiffs' argument, the Court's dismissal of Count I for lack of subject-matter jurisdiction was not a "manifest error of law." Plaintiffs assert that they "can find no authority permitting the dismissal of a federally based claim for lack of subject matter jurisdiction." (Pls.' Mot. [D.I. 76] at 6.) But such authority exists. Under long-standing

Supreme Court precedent, there are two instances in which a claim brought under federal law may be dismissed for lack of subject-matter jurisdiction. As the Supreme Court explained in 1946, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell* v. *Hood*, 327 U.S. 678, 682-83 (1946); *accord Arbaugh* v. *Y&H Corp.*, 546 U.S. 500, 514 n.10 (2006).

Plaintiffs' contribution claim against only three individual defendants is clearly immaterial and asserted solely for the purpose of obtaining federal jurisdiction in this matter. As the Court correctly observed in dismissing this case, "the allegations in the amended complaint are chiefly state law issues," and the "single federal claim . . . bears only a distant and tangential relationship to the state law claims." (Mem. & Order [D.I. 75] at 8.) The instant motion serves only to underscore that plaintiffs are desperately searching for any conceivable hook to get their predominantly state-law action into federal court.

Even if the Court were inclined to reconsider its prior ruling, plaintiffs' contribution claim still should be dismissed. Indeed, "courts regularly dismiss contribution claims which are based on findings of liability and damages in a separate legal action" as insufficiently "ripe" to satisfy the "case or controversy" requirement of Article III. *Pall* v. *KPMG*, No. 3:03CV00842 (AWT), 2006 WL 2800064, at *2-3 (D. Conn. Sept. 29, 2006). Plaintiffs' contribution claim is unquestionably contingent upon a finding of liability against MBNA and the three remaining individual defendants in the separate Securities Action, a case that is not scheduled to go to trial until May 4, 2009.

Reargument also is not warranted because, for the reasons set forth in the Opening and Reply Briefs of Nominal Defendants MBNA Corporation and Bank of America Corporation, the MBNA "Insider Defendants" and Defendants Randolph D. Lerner and Kenneth L. Lewis (D.I. 39, 49), plaintiffs' contribution claim fails on the merits.

For the foregoing reasons, as well as those stated in the Outside Director Defendants' opposition, plaintiffs' motion for reconsideration or reargument should be denied in its entirety. In the alternative, if the Court decides to retain jurisdiction over plaintiffs' contribution claim—and that claim is not dismissed on the merits—this Court should stay this action pending the resolution of the Securities Action. *See Commissariat A L'Energie Atomique v. Tottori Sanyo Electronic Co., Ltd.*, No. Civ.A. 03-484-KAJ, 2004 WL 1554382, at *1 (D. Del. May 13, 2004) ("The power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983)).

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ *Tammy L. Mercer*
        Richard H. Morse (No. 531)
        rmorse@ycst.com
        Tammy L. Mercer (No. 4957)
        tmercer@ycst.com
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        (302) 571-6600

        *Attorneys for Nominal Defendants MBNA Corporation and Bank of America Corporation and Defendants Bruce L. Hammonds, Kenneth A. Vecchione, Richard K. Struthers, John R. Cochran, III, Lance L. Weaver, Charles C. Krulak, Michael G. Rhodes, John W. Scheflen, Randolph D. Lerner and Kenneth L. Lewis*

Of Counsel:

Richard J. Urowsky
Richard C. Pepperman, II
Stacey R. Friedman
Ryan C. Williams
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

July 27, 2007

DB01:2431928.1                                                              064261.1001

## CERTIFICATE OF SERVICE

I, Tammy L. Mercer, hereby certify that on July 27, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>A. Zachary Naylor, Esquire
>Chimicles & Tikellis LLP
>One Rodney Square
>P.O. Box 1035
>Wilmington, DE 19899

>Edward P. Welch, Esquire
>Skadden Arps Slate Meagher & Flom LLP
>One Rodney Square
>P.O. Box 636
>Wilmington, DE 19899

I further certify that on July 27, 2007, I also caused copies of the foregoing document to be served by hand on the above-listed counsel of record, and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

>Brian J. Robbins, Esquire
>Jeffrey P. Fink, Esquire
>Caroline A. Schnurer
>Robbins Umeda & Fink, LLP
>610 West Ash Street, Suite 1800
>San Diego, CA 92101

>Laurence Paskowitz, Esquire
>Paskowitz & Associates
>60 East 42nd Street, 46th Floor
>New York, NY 10165

>Roy L. Jacobs, Esquire
>Roy Jacobs & Associates
>60 East 42nd Street, 46th Floor
>New York, NY 10165

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Tammy L. Mercer*
Tammy L. Mercer (I.D. No. 4957)
17th Floor, Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6651
tmercer@ycst.com

*Attorneys for Nominal Defendants MBNA Corporation and Bank of America Corporation and Defendants Bruce L. Hammonds, Kenneth A. Vecchione, Richard K. Struthers, John R. Cochran, III, Lance L. Weaver, Charles C. Krulak, Michael G. Rhodes, John W. Scheflen, Randolph D. Lerner and Kenneth L. Lewis*

2