# Chimicles & Tikellis LLP
## ATTORNEYS AT LAW

One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Telephone: (302) 656.2500
Telecopier: (302) 656.9053
E-mail: Mail@Chimicles.com

September 18, 2007

Nicholas E. Chimicles
Pamela S. Tikellis *
James R. Malone, Jr.
Michael D. Gottsch
Robert J. Kriner, Jr. *
Steven A. Schwartz
Kimberly M. Donaldson
M. Katherine Meermans
Joseph G. Sauder
Daniel B. Scott
Fatema E.F. Burkey
Kimberly Litman Kimmel
Timothy N. Mathews
A. Zachary Naylor *
Timothy P. Briggs
Benjamin F. Johns
Scott M. Tucker *

OF COUNSEL
Morris M. Shuster
Denise Davis Schwartzman
Anthony Allen Geyelin
Candice L.H. Hegedus

*Attorneys admitted to practice in Delaware

**VIA E-FILING AND HAND DELIVERY**

Chief Judge Gregory M. Sleet
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324, Lockbox 19
Wilmington, Delaware 19801

Re:   *In re MBNA Corp. Class and Derivative Lit.*,
      05 CV 0327 (GMS)

Dear Chief Judge Sleet:

I write on behalf of plaintiffs Lemon Bay Partners and Malcolm Rosenwald, who today filed a class and derivative complaint captioned, *Lemon Bay Partners, et al. v. Bruce L. Hammonds, et al.*, 07 CV 562 (the "Lemon Bay Complaint"), and plaintiff Donald Benoit who today also filed a class and derivative complaint captioned, *Benoit v. Bruce L. Hammonds, et al.*, 07 CV 561 (the "Benoit Complaint"). The *Lemon Bay* and *Benoit* complaints, copies of which are enclosed, are similar but not identical to the previous consolidated complaint in *In re MBNA Corp. Class and Derivative Lit.*, 05 CV 0327 (GMS) (the "Consolidated Complaint"). The *Lemon Bay* and *Benoit* complaints assert that MBNA shareholders at the time of a 2005 merger (the "Merger") between MBNA and Bank of America Corp. (the "Class") were harmed by a fraudulent proxy solicitation and state law breaches of fiduciary duty which resulted in an unfair merger price. The complaints also assert derivative claims on behalf of Bank of America, as Bank of America has inherited the responsibility to pay damages or amounts in settlement pertaining to claims that MBNA executives committed a securities fraud prior to the Merger.[1] Plaintiffs assert that the Merger and the merger-related fraud are

---

[1] These securities claims are asserted in *Baker v. MBNA Corp.*, 2007 U.S. Dist. LEXIS 48892 (D. Del. July 6, 2007), in which this Court denied a motion to dismiss by former MBNA CEO Bruce L. Hammonds, former

HAVERFORD OFFICE
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642.8500
Telecopier: (610) 649.3633

The Honorable Gregory M. Sleet
September 18, 2007
Page -2-

an outgrowth of the earlier securities fraud, which motivated the Merger. The fraudulent financial statements issued at the end of 2004 were republished in the proxy statement which solicited approval of the Merger. The key difference between the *Lemon Bay* and *Benoit* complaints is that *Lemon Bay* asserts federal question jurisdiction, while *Benoit* asserts both federal question and diversity jurisdiction.

As the Court will recall, the Consolidated Complaint attempted to assert many of these same claims, but was dismissed by Order of this Court dated June 26, 2007 for failure to adequately plead subject matter jurisdiction. *See Lemon Bay Partners LLP v. Hammonds*, 2007 U.S. Dist. LEXIS 46143 (D. Del. June 26, 2007). On July 11, 2007, plaintiffs moved for reconsideration of this Order contending, *inter alia,* that the existing federal claims were sufficient to confer subject matter jurisdiction, and that the Court overlooked plaintiffs' request to file an amended complaint that would allege additional federal claims, including claims as to the negligent dissemination of a false proxy under Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). This Motion is pending decision.

Because the allegedly false Proxy Statement at issue was dated September 19, 2005, today's filing of the *Lemon Bay* and *Benoit* complaints preserves certain of plaintiffs' claims and, even though a motion for reconsideration is pending, it is consistent with plaintiffs' concurrent and overlapping right to file a new complaint following a dismissal Order that is based solely on jurisdictional grounds. *See e.g., Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972)("jurisdictional dismissals do not bar further litigation of the cause of action when the subsequent complaint cures the jurisdictional defect."), *citing, Etten v. Lovell Manufacturing Company*, 225 F.2d 844, 846 (3d Cir. 1955).

Certain claims that could be asserted in an amended pleading in the previously-filed action cannot be asserted in the new *Lemon Bay* and *Benoit* actions. For example, both the passage of time and a very recent Third Circuit opinion appear to foreclose any assertion of Section 14(a)

---

CFO Kenneth A. Vecchione, former Vice Chairman Charles C. Krulak, and MBNA itself.

The Honorable Gregory M. Sleet
September 18, 2007
Page -3-

claims. *See In re Exxon Mobil Corp. Sec. Litig.*, 2007 U.S. App. LEXIS 20460 (3d Cir. Aug. 27, 2007). Because of this, plaintiffs respectfully request that the motion for reconsideration in the previously-filed action be granted, so that all claims can be asserted by plaintiffs and the Class in an amended complaint. Should this Court grant the right to amend the previous pleading, plaintiffs would of course seek to consolidate the new *Lemon Bay* and *Benoit* complaints with the pre-existing action, and hopefully coordinate discovery efforts at some point in the future with the plaintiff in *Baker*, as there are many overlapping issues of fact and law among all of these actions.

Plaintiffs' counsel is available to address any questions the Court may have at such time as may be convenient for the Court.

Respectfully,

A. Zachary Naylor (#4439)

cc:  Clerk of the Court (by e-filing)
Richard H. Morse, Esquire (by e-filing)
Edward P. Welch, Esquire (by e-filing)
Laurence D. Paskowitz, Esquire (by e-mail)
Jeffrey P. Fink, Esquire (by e-mail)