# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
———
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

DIRECT DIAL
(302) 651-3060
DIRECT FAX
(302) 651-3001
EMAIL ADDRESS
EWELCH@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

September 24, 2007

The Honorable Chief Judge Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 North King Street
Lockbox 19
Wilmington, Delaware 19801

RE:   *In re MBNA Corporation Derivative and Class Litigation*, Lead Case No. 1:05-cv-00327-GMS

Dear Chief Judge Sleet:

      We write on behalf of the MBNA Outside Director Defendants (the "Outside Directors") in response to Plaintiffs' September 18, 2007 letter to the Court, which sets forth Plaintiffs' latest maneuver for avoiding this Court's decision to dismiss this action on subject matter jurisdiction grounds. We apologize for having to burden the Court with further submissions in this matter, but the Plaintiffs' latest tactic warrants a brief response.

      Your Honor will recall that the Outside Directors moved to dismiss the Consolidated Amended Complaint in this action on a number of grounds, including lack of subject matter jurisdiction. After full briefing – including sur-reply briefing on the issue of subject matter jurisdiction – the Court issued a written opinion granting the Outside Directors' motion, and directed the Clerk of the Court to close the case. *Lemon Bay Partners LLP v. Hammonds*, C.A. No. 05-327 (GMS) 2007 WL 1830899, at *5 (D. Del. June 26, 2007). In dismissing the action, the Court specifically ruled that "the state law claims in this case substantially predominate over the federal claim. The amended complaint is comprised almost entirely of state law issues that bear no discernable relationship to the contribution claim, and the plaintiffs present no persuasive reason for the court to use its discretionary power to exercise supplemental jurisdiction in this case. Given the

The Honorable Chief Judge Gregory M. Sleet
September 24, 2007
Page 2

foregoing, the court concludes that exercising supplemental jurisdiction in a case such as this 'would be an improper exercise of subject matter jurisdiction, since it would truly permit the tail to wag the dog.'" *Id.* (citing *In re Litig. Trust of MDIP*, No. Civ. A 03-779 (GMS), 2005 WL 1242157, at *5 (D. Del. May 25, 2005)). Importantly, the lone federal count in the Consolidated Amended Complaint was not even asserted against the Outside Directors.[1]

In response to the Court's decision, Plaintiffs filed a motion for reconsideration (D.I. 76) that was fully briefed in accordance with Local Rule 7.1.5, and is currently pending before the Court. Apparently, Plaintiffs were not satisfied with waiting for the Court's decision on their own motion. In addition to filing two new complaints raising virtually the same facts and claims as the dismissed action, Plaintiffs' September 18 letter is an obvious attempt to file a reply brief to which they are not entitled. *See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371-JJF, 2006 WL 2435084, at *2 (D. Del. Aug. 22, 2006) ("[T]he Court agrees with Defendants that Local Rule 7.1.5 does not contemplate the filing of a reply brief in the context of a motion for reconsideration."); *Stairmaster Sports/Med. Prods., Inc. v. Groupe Procycle, Inc.*, 25 F. Supp. 2d 270, 292 (D. Del. 1998) ("[Movant], apparently anxious to get the last word, filed a reply brief while Local Rule 7.1.5 distinctly sets out that 'the Court will determine from the motion and answer whether argument will be granted'").

In their September 18 letter, Plaintiffs continue to disingenuously claim that by dismissing this case, "the Court overlooked plaintiffs' request to file an amended complaint." (Letter at 2) As the Outside Directors explained in their response to Plaintiffs' motion for reconsideration, *no such request was ever made*. *See* Outside Directors' Response In Opposition To Motion For Reconsideration at 10 (D.I. 78). In fact, Plaintiffs made clear to the Court *before* the motion to dismiss was granted that despite attaching a draft amended complaint to their sur-reply briefing, they "**do not now move to re-plead**." *Id.* (quoting Plaintiffs' Sur-Reply at 13 (emphasis added)). As this Court has routinely held, decisions about leave to amend are based on formal motion practice, not "on covert 'signals' from counsel." *See, e.g., In re Digital Island Sec. Litig.*, C.A. No. 02-57-GMS, 2002 WL 31667863, at *2 (D. Del. Nov. 25, 2002) ("Had the Plaintiffs been as interested in amending as they claim to have been, the appropriate response would have been a request for leave to amend, *before* the court dismissed their case."), *aff'd*, 357 F.3d 322 (3d Cir. 2004).

Plaintiffs' latest tactic to avoid dismissal –filing two unconsolidated, virtually identical complaints in the same Court before the Court has the opportunity

---

[1] Similarly, the two new complaints filed by plaintiffs Lemon Bay and Benoit also fail to raise any federal law claims against the Outside Directors.

The Honorable Chief Judge Gregory M. Sleet
September 24, 2007
Page 3

to rule on their motion for reconsideration – is equally without merit. Not only is this tactic an attempt to interfere with the Court's decision-making process on the pending motion for reconsideration, it is procedurally unsound for several reasons.

*First*, the plaintiffs that filed the two new complaints – Lemon Bay and Benoit – are the subject of an existing consolidation order. *See* Order of August 25, 2005 (D.I. 28). It is a violation of that order for those plaintiffs to separately file two new complaints raising, essentially, the same facts and claims against the same defendants, especially at a time when the Court is still considering their currently pending motion for reconsideration.

*Second*, Plaintiffs made a tactical decision not to amend their complaint in response to the Outside Directors' motion to dismiss. Plaintiffs are now bound by that decision, and as a result, cannot simply file two new complaints to avoid dismissal, or to improve their chances on their motion for reconsideration. Had they wanted to amend or revise the Consolidated Amended Complaint to avoid dismissal, they should have done so *before* the Court granted the motion to dismiss. *See e.g., Digital Island*, 2002 WL 31667863, at *1 ("When faced with the defendants' motion to dismiss, the plaintiffs would have been well within their rights to request leave to amend. Instead, they chose to oppose the motion, in its entirety, without seeking such relief. Such an approach is highly suspect as the plaintiffs were aware of the facts which they now seek to add at the time the original pleading was filed. Thus, there is no excuse for failure to plead them before the case was dismissed."). This is particularly true as to Benoit's long-abandoned theory of diversity jurisdiction, which – apart from its dubious prospects, given that MBNA's principal place of business was Wilmington, Delaware – was dropped from the case at the time Plaintiffs filed their Consolidated Amended Complaint. *See Lemon Bay*, 2007 WL 1830899, at *5 n.9 ("[S]ince the Plaintiffs failed to affirmatively and distinctly assert diversity jurisdiction in their amended complaint, the plaintiffs cannot now assert diversity as a possible basis for subject matter jurisdiction."); *see also* Outside Directors' Response To Motion For Reconsideration at 16-17.

*Third*, Plaintiffs are barred under the doctrine of *res judicata* from bringing any further actions in this Court based on the same facts underlying the previously dismissed complaint. "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case *res judicata* on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (holding that complaint was properly dismissed under the doctrine of *res judicata* where the District Court had already dismissed an almost identical complaint for lack of jurisdiction); *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977) (holding that

The Honorable Chief Judge Gregory M. Sleet
September 24, 2007
Page 4

plaintiffs were barred from bringing a subsequent suit asserting essentially the same claims and citing the same jurisdictional basis because plaintiff did not appeal the dismissal, stating that while "a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack"). Plaintiffs cannot simply rework the Consolidated Amended Complaint and add claims (or revise old ones) in newly filed complaints in the same Court to avoid dismissal. "The res judicata doctrine . . . not only binds the parties and their privies as to grounds or issues actually litigated, but also as to any other admissible matter which might have been offered for that purpose." *See Zoriano Sanchez v. Caribbean Carriers Ltd.*, 552 F.2d 70, 71 (2d Cir. 1977) (citation omitted) (barring second suit arising from identical facts and issues where court had already dismissed a similar action for lack of jurisdiction and finding that new claim asserted by plaintiff did not affect the decision).

It is also important to note that, even if the Court decides to reconsider its decision to dismiss the Consolidated Amended Complaint, that complaint – as well as the two new complaints filed by Plaintiffs – may still be dismissed for failure to state a claim based on any number of black-letter law principles, including (1) lack of standing due to the closing of the merger; (2) failure to make a "demand"; and (3) failure to adequately plead any breach of fiduciary duty by the Outside Directors under Section 2-405.1 of the Maryland Corporations and Associations Law.[2]

We remain available at the Court's convenience to address any questions about this matter.

Respectfully,

*/s/ Edward P. Welch*

Edward P. Welch (I.D. No. 671)

cc:    Clerk of the Court (by e-file)
       Richard H. Morse, Esquire (by e-file)
       Laurence D. Paskowitz, Esquire (by e-file)
       Jeffrey P. Fink, Esquire (by e-file)

---

[2] More detailed discussion of these points can be found in The Outside Director Defendants' Response In Opposition to Plaintiffs' Motion for Reconsideration or Reargument.

508523.04-Wilmington Server 1A - MSW